## Houck's Executors *v.* Houck.

1. The law will not imply a promise on the part of a father to pay to his adult married daughter wages for services rendered while she and her husband reside with him and constitute part of his household.

2. Where a daughter marries but continues to live with her parents as before marriage and to perform similar services, her husband will not be held entitled to recover compensation for such services.

3. Where a person serves in the capacity of a domestic servant, and no demand for wages is made until a considerable period after such service has terminated, the inference is either that the wages have been paid, or that the service was performed on the footing that no payment was to be made.

4. McConnell's Appeal, 1 Outerbridge 31, followed.

February 7th 1882. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Common Pleas of *Chester County :* Of January Term 1882, No. 227.

Assumpsit, by Jacob Houck and Anne Houck, his wife, against Hiram Houck and Jacob Houck, executors of the will of Jacob Houck, deceased, "for work, labor and services performed by the plaintiff at the special instance and request of the said Jacob Houck, deceased." The narr. also contained a count for "wages or salary of the said Anne Houck . . . . as the hired servant of the said Jacob Houck, deceased." Pleas, non assumpsit; non assumpsit infra sex annos; payment; payment with leave, &c., and set-off.

On the trial, before FUTHEY, P. J., the facts appeared be as follows :—The plaintiff, Anne Houck, lived with her parents Jacob Houck, Sr., and Mary Houck, on their farm, performing household work, and taking care of her parents, both of whom were old and diseased. In 1878, she married Jacob Houck (her cousin) who lived on the farm as a hired hand. She and her husband continued to live on the farm after their marriage in the same manner as before, for about two years, until her mother's death, when they moved away. Her father died about a year and a half later. By his will Anne was left an equal share with his other children. About two months after his death Anne made a demand on his executors for the payment of wages as a domestic servant, and for nursing her mother, for a year and three months prior to her mother's death. This demand being refused, this suit was brought. No express promise of payment for services was shown.

The defendant presented the following points :

1. The relationship of the parties is such that under the evidence the jury must find for the defendants. Refused.

[Houck v. Bouck.]

2. The time which elapsed after the alleged claim accrued, and before any demand was made, such that the presumption of law, under the facts in this case, is 'either that the wages have been paid, or that the services were performed on the footing that no payment was to be made;' and the jury must find for the defendants. *Answer.* In answer to this point I instruct you that the time which elapsed after this alleged claim accrued, and before any demand was made, is evidence to be considered by the jury in determining whether the presumption of law has been rebutted; that the services were presumably to be paid for; and also as having a bearing upon the question as to whether any payment was originally contemplated by the parties, and whether or not any payment has been already made.

3. Under the evidence in the case, the verdict must be for the defendants. *Answer.* I cannot affirm this proposition. I have submitted the facts to the jury for their consideration.

Verdict and judgment for the plaintiffs for $246. The defendants took this writ of error, assigning for error the answers to their points, as above.

*Wm. M. Hayes,* for the plaintiffs in error, cited; McConnel's Appeal, 1 Out. 31; Lynn *v.* Lynn, 5 Casey 369.

*R. E. Monaghan,* for the defendants in error.—The relationship of a son-in-law and father-in-law is not such as to rebut the presumption that the services rendered by the wife of the son-in-law were to be paid for.

Mr. Justice PAXSON delivered the opinion of the court, February 27th 1882.

There is no merit in this case; yet if the law is with the plaintiffs below, the judgment must stand. It was a suit brought against the estate of the wife's father, to recover compensation for the services of the wife for a period of about one year and three months. Annie Houck, one of the plaintiffs, resided with her father as a member of his family, and assisted in the work of the house. She had two children prior to her present marriage, who were also a part of the family, and, as the evidence shows, supported mainly by her father. She was married to Jacob Houck, plaintiff, in October 1878. At the time of said marriage, and for some time prior thereto, the said Jacob Houck lived with her father as a farm hand at the wages of $10 per month. This arrangement continued for about one year and three months after the marriage, and until the death of old Mr. Houck's wife, when the plaintiffs moved away. During this period the plaintiff, Jacob Houck, received his

[Houck *v.* Houck.]

wages regularly, and no part of the present claim is for his services. The plaintiff, Annie Houck, continued as maid of all work, and particular stress is laid upon the fact, that she acted as nurse to her mother, who was then, and had been for many years, afflicted with a cancer, of which she died after much suffering, in January 1880. There is no doubt the services of the daughter during this period were efficient and faithful, and to some extent, of an unpleasant nature to perform. They were no more, however, than every daughter living with a mother is in affection and duty bound to perform, and were not such as the law will imply a promise to compensate. Indeed, it was conceded by the court below, and by the counsel upon the argument, that the wife could not recover, as there was no evidence of any contract to pay for the services. It was urged, however, that after the marriage the services of the wife belonged to her husband, and that, inasmuch as he was a plaintiff in the action, he was entitled to recover. No authority was cited in support of this proposition, and I apprehend none can be found. The suit was brought, as before observed, by the husband and wife for the services of the latter. The learned judge ruled that the joinder of the wife was surplusage, and that the husband could recover as if this suit had been brought by him alone. We do not attach much weight to the fact that the wife is a co-plaintiff. That would be sticking in the bark. We rule the case upon the broader principle that as the wife, in the absence of an express contract, cannot recover, the husband has no higher right. When the plaintiffs were married, the wife was engaged in performing services for her parents, which the law raised no implied promise to compensate. He then had his option to dissolve that relation, or insist upon an express contract. He did neither. He continued to work on the farm as before, at his accustomed wages, and the wife continued in the performance of her services to her parents. There was no change of any kind. The elder Houck had no notice, that upon the day after the marriage, his daughter's services to her sick mother were no longer rendered from a sense of filial duty, and in consideration of past and present favors, but as a matter of business, with a debtor and creditor account. Nor was any such notice ever given him. So far as the evidence shows, there was no claim upon him for compensation, nor upon his estate until some time after his death. If, therefore, the husband permitted his wife, after marriage, to continue in the service of her father precisely as before, he is as much precluded from recovering compensation as the wife would be.

Aside from this, if we disregard the relation of parent and child, and substitute that of master and servant, the recent case

[Renick v. Boyd.]

of McConnell's Appeal, 1 Out. 31, is directly in the way of the plaintiffs. It was there held that "In this country (as in England) where a person serves in the capacity of a domestic servant, and no demand for payment of wages is made for a considerable period after such service has terminated, the inference is, either that the wages have been paid, or that the service was performed on the footing that no payment was to be made."

This, as was stated in the case cited, is a presumption of fact, and liable to be rebutted. There was not a particle of evidence in this case, to rebut this presumption. Old Mr. Houck was in circumstances that enabled him to pay; the fact was conceded that the husband had been regularly paid his wages as a farm hand up to the time they left. Yet, as before stated, no demand appears to have been made for the services of the wife, either during the period of such service, at the time they went away, or afterwards and during the lifetime of Mr. Houck, the elder. So far from the presumption referred to having been rebutted, the evidence leaves the strong impression that the claim was an afterthought, and an attempt, after the death of the defendants' testator, to gain a larger share of his estate, justifies the remark of LOWRIE, J., in Lynn v. Lynn, 5 Casey 369: "Here is another claim that ought to be charged to the account of family relationship . . . Causes of this character are among the most odious that courts have to deal with."

The claim in this case is particularly odious, in view of the peculiar circumstances under which the wife and her two children were cared for and sheltered in her father's house.

All of the defendant's points should have been affirmed.

Judgment reversed.