148  575
155  498

## Young's Estate.   McHenry's Appeal. (No. 2.)

*Decedent's estate—Contract—Family relation—Claim for nursing, etc.*

A son-in-law cannot recover for care, nursing and personal services during the last illness of his mother-in-law, where it appears that the decedent, an aged woman, had for many years divided her time between her son and daughter, the wife of the claimant, living with them both at stated intervals, in each case as a member of the family and without paying or agreeing to pay for her board and keep, and without any demand upon her therefor.

Argued April 11, 1892.  Appeal, No. 27, Jan. T., 1892, by Eli McHenry, from decree of O. C. Columbia Co., May T., 1891, No. 30, dismissing exceptions to the report of the auditor adjudicating account of A. P. Young, the executor of Ann Young, deceased.  Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ.

Claim for nursing, etc.

The auditor found the facts as follows:

" (10th.) That since about 1874 the decedent lived with her son, A. P. Young, and her son-in-law, Eli McHenry, making her home during the winter season with A. P. Young and during the summer season with Eli McHenry, and thus alternating from year to year, remaining about half of the time at each place, up to the time of her death.  At either place she was always treated and considered as a member of the family.  She never paid anything for her board and keeping, nor was there ever a demand made upon her for pay by either of the said parties.

" On or about June 21, 1888, the decedent was brought by A. P. Young to the home of Eli McHenry, where she remained until her death.  She was about 96 years of age.  The journey from A. P. Young's to Eli McHenry's, a distance of about 10 miles, very much fatigued the old lady, so much so that upon their arrival at the house of Eli McHenry she was obliged to

be carried from the wagon into the house and put to bed. From this time on she was in a feeble and failing condition, both mentally and physically, until her death. For most of the time she was confined to her bed. She required the constant care, nursing and attention of a child. . . .

" The burden of this care and nursing of the decedent rested upon the daughter, Mrs. Eli McHenry, assisted by her husband and family. The old lady was well taken care of and made as comfortable, under the circumstances, as possible.

" For the services, care, nursing and attention rendered the decedent as aforesaid, from about June 21, 1888, to the time of her death, November 12, 1888, Eli McHenry presents a claim of $850, or so much thereof as the same is reasonably worth, with interest, and demands that the same be distributed to him out of the fund before your auditor now for distribution."

As a conclusion of law, he reported: " There being no evidence of any express contract to pay for the services rendered the decedent . . . . , this claim of Eli McHenry should not be allowed."

He further said in regard to this claim:

" The claimant demands the sum of $850 for care, nursing and personal services rendered the decedent from June the 21st, 1888, to November 12th, 1888, the date of her death. There is little or no dispute as to the facts which we have endeavored to state fully in our tenth finding of facts. There is no attempt to prove a contract to pay for services so rendered. That the family relation was established between the decedent and the claimant clearly appears from the evidence. That there can be no recovery for services rendered where such relation exists, without proof of an express contract therefor, is equally clear and abundantly established by the authorities. Barhite's Appeal, 126 Pa. 404.

" The decedent was the mother of the wife of the claimant. That there can be no recovery for services rendered by a child to the parent, without an express contract, is a principle too well established to require authority. That the claim is made by Eli McHenry, a son-in-law of the decedent, does not place it upon any higher or better ground: Patton v. Conn, 114 Pa. 183; Ulrich v. Arnold, 120 Pa. 170."

The court dismissed exceptions, and confirmed the report of the auditor in an opinion by METZGAR, P. J.

1892.]        Assignments of Error—Opinion of the Court.

*Errors assigned* were, (1, 2, 3) dismissal of exceptions, quoting them ; (4) confirmation of report.

*R. R. Little* and *William Chrisman*, for appellant.

*Grant Herring*, *W. W. Rhawn* with him, for appellee.

PER CURIAM, April 25, 1892.

The decree is affirmed, and the appeal dismissed at the cost of the appellant.