## Perkins *v.* Hasbrouck, Admr, Appellant.

### [Marked to be reported.]

*Decedents' estates—Claim for boarding—Relationship.*

The rule that as between parent and child there can be no recovery for services, boarding and the like, in the absence of an express contract to pay therefor, does not apply to a son-in-law who boards his father-in-law. Smith v. Milligan, 43 Pa. 109, applied.

*Contract to pay for board—Declarations—Quantum meruit.*

Declarations of a father-in-law that he had agreed to pay his board to his son-in-law, with whom he lived, are admissible in a suit by the son-in-law against his father-in-law's administrator for boarding decedent.

In such a suit a recovery may be had although no sum was mentioned between the parties. The gist is the actual agreement to pay, and if the sum be not expressed, it will be implied to be the value.

*Evidence—Offer to compromise.*

Before suit was brought plaintiff presented a bill for $500 to the administrator for boarding the decedent for one hundred and ninety-seven weeks. Before the bill was presented he said to the administrator that if the claim was settled without trouble, he would make it light, that he would make it $500. After the refusal of the administrator to pay the bill, plaintiff presented a second bill for $984. *Held*, that plaintiff was not concluded by the first bill, and that it was proper to submit to the jury the first bill, with the conversations relating to it.

Argued April 26, 1893. Appeal, No. 445, Jan. T., 1893, by defendant, Wm. W. Hasbrouck, administrator of William Hasbrouck, deceased, from judgment of C. P. Erie Co., Nov. T., 1891, No. 79, on verdict for plaintiff, Jesse Perkins. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Assumpsit for boarding defendant's intestate.

At the trial, before GUNNISON, P. J., plaintiff claimed to recover $984 for boarding decedent, who was his father-in-law. Various witnesses for plaintiff testified to declarations made by decedent to the effect that there was an express contract to pay his board. The substance of the testimony is stated in the charge and in the opinion of the Supreme Court.

Defendant's witnesses testified to declarations by plaintiff that there was no contract. Plaintiff in rebuttal denied these declarations.

The court charged in part as follows :

" Several witnesses have testified that Mr. Hasbrouck told them that he had agreed to pay Mr. Perkins for his board. . . . [And these declarations of Mr. Hasbrouck to these various witnesses, that he had agreed to pay Mr. Perkins for his board, are proper evidence for your consideration in arriving at a conclusion whether or not that was the fact.   Mr. A. B. Hall says, he said he never missed a meal, and that he intended to pay his way.   That would not be sufficient, however, to prove a contract.   That might have meant that he intended by his will to leave Mr. Perkins a sum of money, but it would not prove that he was bound to do so by a contract that he had made. H. G. Parker, one of the witnesses, testified that in May, 1890, Mr. Hasbrouck told him that he had never paid Mr. Perkins anything for his board, but that he had agreed to pay him. Mr. Knox tells you that Mr. Hasbrouck told him that he had agreed to remunerate Mr. Perkins well.   Mrs. Griffing told you that he told her that he had to pay his board wherever he was. That wouldn't be as strong evidence to sustain a contract as the other is, but it would be some evidence.]  [4] . . . .

" [If you come to the conclusion that there was such a contract, then it would be your duty to determine what would be a reasonable price, and even if there was no contract or express agreement to pay for the board, and you come to the conclusion that the circumstances do not justify you in finding that there was no intention on the part of Mr. Hasbrouck to pay, or on the part of Mr. Perkins to charge ; then it would be your duty to determine what would be a reasonable compensation for the board and care that Mr. Hasbrouck received from Mr. Perkins.   It is not contended that there was any stipulated price fixed upon, not even by the plaintiff ; and as to the amount that should be found a reasonable price, if you find that he is entitled to a verdict, you will have to rely on the testimony of the witnesses.] "  [5]

Defendant's points were as follows :

" 1. That the sworn statement of claim made by the plaintiff on July 21, 1891, and presented to the defendant for payment, in the absence of any evidence of mistake, is conclusive and binding upon the plaintiff, and he cannot now recover a larger amount.  *Answer :* This point is refused.   The state-

ment presented by the plaintiff to the defendant, July 21, 1891, is a declaration on his part as to his opinion of the value of his services, and of the amount to which he was entitled, and is competent evidence to be considered in determining this question.   In connection with this statement should also be considered any conversation between the parties had at the time of presenting the statement, or in pursuance of which the statement was presented, if the jury find any such conversation was had." [1]

" 2. That the evidence of an express contract to pay is not sufficiently clear and certain to entitle the plaintiff to recover." Refused. [2]

" 3. That owing to the relationship of the plaintiff and William Hasbrouck, deceased, and the absence of sufficient evidence of a contract between the parties, the plaintiff cannot recover." Refused. [3]

Verdict and judgment for plaintiff for $990.48.

. *Errors assigned* were (1–5) instructions, quoting them, and (6) in giving the jury loose rein, and in not cautioning the jury in regard to the character of plaintiff's claim.

*C. L. Baker, Manley Crosby* with him, for appellant.—A son-in-law cannot, in the absence of an express agreement to pay, recover for boarding and caring for his father-in-law, while living with him as a member of his family : Patton v. Conn, 114 Pa. 183 ; McHenry's Ap., 1 Adv. R. 689 [148 Pa. 575] ; Gerz v. Weber, 151 Pa. 396.

A contract is not to be inferred from declarations of one of the parties only in the absence of the other party.   There was nothing said about time and manner of payment or amount to be paid : Ackerman v. Fisher, 57 Pa. 457.

The only evidence of any agreement to pay plaintiff consisted of the declarations of decedent made in plaintiff's absence. On the other hand, declarations of plaintiff were to the effect that no contract had been made, and that William Hasbrouck was to pay him or not as he pleased.

Yet the learned judge directed the jury to follow the evidence of plaintiff's witnesses on this point, and wholly ignored and disregarded the testimony of defendant's witnesses on the

same point. , This was manifest error and is sufficient ground for reversal : Reichenbach v. Ruddach, 127 Pa. 600 ; Wall's Ap., 111 Pa. 460.

The court gave the jury full rein as in ordinary cases between living parties. The jury should have been cautioned in regard to the character of plaintiff's claim : Pollock v. Ray, 85 Pa. 428 ; Neal's Executors v. Gilmore, 79 Pa. 421.

*J. W. Sproul*, *C. Geo. Olmstead* with him, for appellee.—In this case no family relationship existed between plaintiff and decedent.

A contract to pay for services or boarding may be express and binding, without all the terms being defined. The gist is an actual agreement to pay, and if the sum be not expressed it will be implied to be the value. A contract of this kind should not be confounded with a parol contract for sale of land : Miller's Ap., 100 Pa. 572.

Decedent was not a member of plaintiff's family ; he was a boarder, who on a former occasion paid his board, and, as the evidence showed, contemplated payment this time.

Smith v. Milligan, 43 Pa. 109, says : " Whether the presumption is overcome by the evidence is a question for the jury." Amey's Ap., 49 Pa. 126, and Schoch's Admr. v. Garrett, 69 Pa. 144, are authority that the son-in-law can recover without an express contract. In McHenry's Ap., 1 Adv. R. 689 [148 Pa. 575], the facts were such as to conclusively rebut any presumption to pay, and no express contract was alleged. Decedent had divided her time between her two children, neither of whom charged her for board, and there was no testimony that the idea of charging her had ever occurred to either child. So the other cases cited are clearly distinguishable from ours.

OPINION BY MR. JUSTICE THOMPSON, May 22, 1893 :

This was an action brought by appellee against appellant, administrator of William Hasbrouck, deceased, to recover for board of decedent for nearly four years. The affidavit of defence filed set forth that the appellee was indebted to the estate in the sum of $1,000 upon a promissory note, and that, upon settlement of the account between appellee and appellant as administrator, the appellee would be found to be indebted to

the appellant. Upon the trial the proof of the payment of the note having been successfully made, the contention in regard to it seems to have substantially dropped out of the case, and the main contention was whether there was any proof of a contract by decedent to pay appellee for his board.

An implied promise to pay arises, where services are rendered by one person to another upon his request; but where the relationship existing is such as to repel such implication, the proof of a promise to pay should be clear, and hence the rule that, as between parent and child, there can be no recovery for services, boarding, or the like, in the absence of an express contract to pay therefor. This rule naturally has its foundation in the close relationship and the consequent obligation springing from it, but it can be scarcely claimed successfully that it necessarily applies to a son-in-law. It was said in Smith v. Milligan, 43 Pa. 109, by Mr. Justice STRONG: "The relationship of a father-in-law to his son-in-law is not so intimate. Our observation of common usage does not convince us that fathers-in-law permanently board with sons-in-law without any understanding that compensation shall be made. The case therefore is not within the exception. . . . It comes under the general rule."

The present case is not one in which the decedent divided his time between the members of his family, with a claim made by one only for payment for board and in which such facts rebutted the presumption to pay, as in McHenry's Appeal, 1 Advance Reports, 689 [148 Pa. 575]; but is one where the decedent took up his permanent residence with the appellee, his son-in-law, and boarded with him for 197 weeks, during which period he required and received much care and attention.

The appellee's proofs, offered for the purpose of establishing an express contract to pay for board, consisted of declarations of the decedent. They were properly submitted to the jury by the learned trial judge. The appellant's contention that they should have been excluded has no substantial basis. In Miller's Appeal, 100 Pa. 572, it was said b Mr. Justice TRUNKEY: "But if the father, before they go and afterwards, repeatedly declares that he was to pay for their board, such declarations are evidence, and with the circumstances may be so direct and strong as to compel belief that he expressly agreed to pay for it." In the present case the decedent had boarded for nearly

four years with the appellee, and during that time made re-
peated declarations that he was to pay for his board. On one
occasion he said: "I intend to pay my board." Again: "That
he had agreed to pay his board and that he had money in the
bank to do it any time that it was called for, and that he had
never paid Mr. Perkins (appellee) anything up to that time."
Again: "That he was boarding at Mr. Perkins's and he in-
tended to pay him well for his trouble." Again: "He was no
pauper, and that he had sufficient funds left to pay his way."
Again: "He would rather stay there than anywhere else.
That he had to pay his board wherever he was, and that it was
pleasant and quiet there for him." It was also proved that
decedent with his wife had boarded previously with appellee
and had paid for their board. Appellee had other boarders and
gave them up when his father-in-law came to board with him.
These declarations taken with the circumstances were clear
and explicit and were proper proofs to be submitted to the jury
as evidence of a contract to pay, and to establish that in fact
the father-in-law and the appellee thus dealt with each other as
debtor and creditor.

The contract, it was alleged, was to pay appellee a reason-
able and just compensation for his board. That it was a com-
plete contract without a specified price cannot be questioned.
In Miller's Appeal, supra, it was held "that a contract to pay
for services or boarding may be express and binding without
all the terms being defined. The gist is an actual agreement
to pay, and if the sum be not expressed it will be implied to be
the value. A contract of this kind should not be confounded
with a parol contract for sale of land." The learned judge, in
the event of the jury finding this contract established by the
proofs, left it to them to determine from the evidence the reason-
able compensation which appellee was entitled to receive un-
der it. Clearly this evidence was for the jury and in submitting
it to them there was no error.

Before this action was brought the appellee presented a bill
for the sum of $500, but after the suit was brought presented
a second bill for $984. The learned judge below was asked to
charge that in the absence of mistake the first bill as to the
amount was conclusive and binding upon the appellee, and
that he was not entitled to recover any larger sum. This point

was refused, with the qualification "that the statement presented by the plaintiff to the defendant July 21st, 1891, is a declaration on his part as to his opinion of the value of his services, and of the amount to which he was entitled, and is competent evidence to be considered in determing this question. In connection with this statement should also be considered any conversation between the parties had at the time of presenting the statement, or in pursuance of which the statement was presented, if the jury find any such conversation was had."

The appellee testified that he met appellant and asked him to pay the bill for boarding his (appellant's) father, and said: "If you will pay the bill now without any trouble or having any more trouble about it, for the board and his care, I will make it light or discount on it." He replied: "What would your bill be?" and the appellee answered, "as I said before, if you will settle it without difficulty or trouble I will make it $500." After the refusal to pay that bill appellee rendered the second one. It is clear that the first one rendered was in the nature of a proposed compromise made for the purpose of avoiding a contest. As it was not accepted, and as appellee was compelled to sue, he was not concluded by it. The learned judge therefore was not guilty of error in submitting to the jury the first bill with the statement thus made.

It is unnecessary to discuss the assignment of error that the learned judge erred "in giving the jury loose rein, and in not cautioning the jury in regard to the character of the plaintiff's claim," because in a very clear and precise manner he charged the jury fairly, as to the law and to the evidence. The assignments of error are not sustained and therefore this judgment is affirmed.