## Evans's Estate.

*Decedents' estates—Claim for nursing and care—Family relationship— Nephew of decedent's husband—Presumption of payment—Burden of proof.*

Where a claimant against a decedent's estate for nursing, care and attention is a nephew of decedent's husband, there is no presumption of family relationship against the claimant; nor is there any presumption of payment, if it appears that the decedent and claimant lived for a number of years in the same house, each paying one-half of the expenses, and that the services were actually rendered during that period. In such a case the burden of proof is upon those opposing the claim to show that there had been payment made for the services rendered.

Argued Nov. 19, 1914. Appeal, No. 192, Oct. T., 1914, by Merchants' Union Trust Company, Administrator c. t. a. of John Evans, deceased, and Sarah L. Yeager, from decree of O. C. Del. Co., dismissing exceptions to auditor's report in Estate of Sarah Evans, deceased. Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ. Affirmed.

Exceptions to report of Frank B. Rhodes, Esq., auditor.

84                    EVANS'S ESTATE.

Statement of Facts—Opinion of the Court.    [60 Pa. Superior Ct.

From the record it appeared that J. Evans Eccles claimed before the auditor the sum of $744 for nursing, attention, and care of the decedent. It appeared that Mr. Eccles was a nephew of decedent's husband, and that he and the decedent had lived for a number of years in the same house, each paying one-half of the expenses. The evidence as to the services being rendered was not contradicted.

The auditor allowed the claim.

Exceptions to the auditor's report were dismissed.

*Errors assigned* were in dismissing exceptions to auditor's report.

*Frank A. Moorshead* and *Horace Haverstick*, with them *William H. R. Lukens*, for appellants.—Relationship either by consanguinity or affinity is a fact which tends to rebut the presumption which the law raises that a promise to pay is intended when personal services are rendered: Horton's App., 94 Pa. 62.

Claimant cannot recover against the estate in the absence of an express contract: Barhite's App., 126 Pa. 404; Young's Est., 148 Pa. 575; Lackey's Est., 181 Pa. 638; Gerz v. Weber, 151 Pa. 396.

*J. DeHaven Ledward*, for appellee.—The law presumes that claimant was to be paid for his services, and those resisting his claim have shown nothing to overcome this presumption.

The principle laid down in McConnell's App., that domestic servants are presumed to be paid at regular intervals has no application to claims for nursing: Lewis Est., 156 Pa. 337; McTamany's Est., 44 Pa. Superior Ct. 484; Bugh's Est., 9 Pa. Dist. Rep. 276; Ranninger's App., 118 Pa. 20.

Opinion by Kephart, J., March 11, 1915:

The many assignments of error present two questions:

(1) Did the presumption of family relationship arise? and (2) was there a presumption of payment? The claimant was the nephew of decedent's husband. Standing alone this did not raise such presumption of family relationship as would defeat his claim. His testimony fully established services rendered for nursing, care and attention. This raised a presumption of a promise to pay, and the burden of proof was then cast on those contesting the claim to establish by evidence such facts as would warrant the inference that the family relationship existed, or that for other reasons the claimant was not entitled to recover for his services. In Gerz's Exrx. v. Demarra's Exrs., 162 Pa. 530, which was a claim by a son-in-law against a mother-in-law's estate for services and board, the court says: "Undoubtedly," said Mr. Justice STRONG, in a somewhat similar case, Smith v. Mulligan, 43 Pa. 107, "the relationship, either by consanguinity or affinity, is a fact which tends to rebut the presumption which the law raises, that a promise to pay is intended when personal services are rendered. But, alone, it does not overcome the presumption except in the case of parent and child. In all other cases there must be evidence beyond the relationship that the creation of no debt was intended." And as this court held, in Shumberger v. Hoy, 7 Pa. Superior Ct. 206, neither the connection of brothers-in-law nor even the relationship of brother and sister raises a presumption of family relationship such as will defeat a claim for services or board. Family relationship in such case must be proved by the party who asserts it: Shubart's Estate, Walborn's Appeal, 154 Pa. 230. Such presumption does not exist in the case of a son-in-law who boards his father-in-law: Perkins v. Hasbrouck, 155 Pa. 494. Nor of the wife's niece against the husband's estate: Ranninger's Appeal, 118 Pa. 20. No evidence was offered by the contestants and the claimant's undisputed evidence would not warrant the court below in reaching the conclusion that the family relationship existed. The

decedent and the claimant, for a number of years, lived in the same house, each paying one-half of the expenses. The claimant was a successful portrait painter. The decedent's children had married and were living elsewhere. In her declining years she became afflicted with erysipelas. About two years prior to her death gangrene developed, causing the amputation of a foot. For some time she was a helpless cripple. The claimant, during this time, and up to the date of her death, nursed and cared for her, giving her medical attention, taking her about daily in a wheeling chair, aiding in the housework, and giving her constant, faithful and devoted attention. The decedent often remarked to her visitors that he was the only nurse she required. We need not dwell further on the evidence as it was admitted at the argument that the services were performed. In Ranninger's Appeal, supra, where the facts are much the same as in the present case, it is stated that, "services of this character, rendered under such circumstances, are worthy of reward, and when they are shown to have been rendered, the law implies a promise to pay what they are reasonably worth."

The record as submitted is incomplete, but from it and such corrections afterwards submitted, the court below was correct in holding, in effect, that there was nothing before it on which the presumption of payment could be based. The claimant having shown services for nursing, and there being no evidence in the case to warrant the assumption that the family relationship existed, and no sufficient evidence tending to show payments on account of such services, as against this claim for nursing, payment must be proven. He "was not an ordinary house servant, and therefore does not come within the operation of the principle declared in Mc-Connell's Appeal, 97 Pa. 31:" Lewis's Estate, Rhodes's Appeal, 156 Pa. 337; McTamany's Estate, 44 Pa. Superior Ct. 484. In Ranninger's Appeal, supra, it is stated, "the presumption of payment which might ordinarily

arise in a case of a domestic servant would not, we think, be applicable in such a case."

The assignments of error are overruled and the decree of the court below affirmed at the cost of the appellants.