## Gibb's Estate.

*Decedents' estates—Claim for board and lodging—Family relation—Nephew and aunt—Presumption—Periodic payments—Domestic services—Evidence—Burden of proof.*

1. Ordinarily, an implied promise exists to pay for services rendered and accepted, and the burden is on the person denying liability to show no debt was, in fact, intended. This rule does not apply, however, where the services are rendered by members of a family to each other, as such services are usually performed without expectation of remuneration; consequently, where the family relation exists, no action can be maintained for board, lodging and washing, unless an express promise or agreement to pay is proven. Relationship alone, however, is sufficient to overcome the presumption, only in the case of parent and child. The closer the relationship the less expectation of payment, and greater strictness of proof to overcome the presumption is required.

2. The existence of a family relationship between an aunt and nephew, does not, in itself, rebut the promise which the law implies to pay for such services as board, lodging and washing furnished by the aunt to the nephew.

3. In such a case a claim by the aunt against her deceased nephew's estate for board, room, washing, etc., for $30 per month for six years, less a credit of $25 paid, will be sustained where the evidence shows that the deceased lived with his aunt during such time and that the services were rendered, but, so far as the proofs show, no demand was made for payment; that he was a druggist, thirty-one years old at the time of his death; that he had ample funds in bank to meet his necessities, and no one was dependent upon him for support; that he had stated to witnesses that he was paying his board, although admitting at the same time that none, in fact, had been paid; and that the aunt acknowledged that she had received $25 on account.

4. The appellate court cannot say, in such case, that the court below erred in concluding the evidence for the estate was insufficient to rebut the presumption of intention to pay for such services.

5. In such a case, there is no application of the presumption of periodic payments, as in cases of claims for domestic services.

Argued February 2, 1920. Appeal, No. 103, Oct. T., 1919, by W. T. Pyle, heir at law, from decree of O. C. Westmoreland Co., Feb. T., 1919, No. 1, dismissing exceptions to distribution, in estate of Louis E. Gibbs, deceased. Before BROWN, C. J., FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Exceptions to distribution of $2,135 to Ellen R. Morrison, aunt of the decedent, in payment for board, lodging, washing, etc. Before COPELAND, P. J.

The facts are stated in the opinion of the Supreme Court.

The court dismissed the exceptions. W. T. Pyle, heir at law of decedent, appealed.

*Errors assigned* were decree dismissing exception to allowance of claim and finding stated in the opinion of the Supreme Court, quoting them.

*Albert H. Bell,* with him *Geo. E. Barron* and *J. Clarke Bell,* for appellants, cited: Carpenter v. Hays, 153 Pa. 432; Miller's App., 100 Pa. 568; Lantz v. Frey, 14 Pa. 201; Duffy v. Duffy, 44 Pa. 399; McConnell's App., 97 Pa. 31; Taylor v. Beatty, 202 Pa. 120.

*H. H. Fisher,* with him *Nevin A. Cort,* for appellee, cited: Miller's App., 100 Pa. 568; Shenk's Est., 59 Pa. Superior Ct. 467; Wall's App., 38 Pa. 464.

OPINION BY MR. JUSTICE FRAZER, March 1, 1920:

Louis E. Gibbs died June 18, 1918, while residing with his aunt with whom he had lived since the death of his

mother in 1909. The aunt presented a claim for $2,813 against his estate for board, room rent, etc., during the time deceased made his home with her, which was allowed to the extent of $2,135. Appellant, as heir at law, filed exceptions, and, upon their dismissal, took this appeal. The court below found as a fact that "decedent was indebted to Mrs. Ellen Morrison, for board, room, washing, etc., in the sum of $30 per month for 72 months, less a credit of $25 and that the same was not paid," and concluded from the testimony submitted that an implied contract to pay was created by acceptance of the accommodations and services; that the relationship between the parties created no legal presumption the services were to be rendered free of charge; and, further, the presumption of payment at regular intervals was overcome by the testimony produced at the audit.

Ordinarily, an implied promise exists to pay for services rendered and accepted, and the burden is on the person denying liability to show no debt was, in fact, intended. This rule does not apply, however, where the services are rendered by members of a family to each other, as such services are usually performed without expectation of remuneration (Miller's App., 100 Pa. 568); consequently, where the family relation exists no action can be maintained for services of the kind here claimed, unless an express promise or agreement to pay is proven. In other words, the existence of the family relationship rebuts the presumption which the law would otherwise raise that there was a promise to pay. Relationship alone, however, is sufficient to overcome the presumption only in the case of parent and child: Smith v. Milligan, 43 Pa. 107; Miller's App., supra. In other cases the burden is on the person denying liability to show no debt was, in fact, intended. It has been held that no presumption of family relationship existed where the claim was by a son-in-law against his father-in-law for board: Perkins v. Hasbrouck, Admr., 155 Pa. 494; or by a son-in-law against his mother-in-law's es-

tate: Gerz's Exr. v. Demarra's Exr., 162 Pa. 530; or by a niece of a decedent's wife: Ranninger's App., 118 Pa. 20; or where the relationship is that of brother-in-law and sister-in-law: Caskey v. Kineavy, 60 Pa. Superior Ct. 87. The closer the relationship the less expectation of payment, and greater strictness of proof to overcome the presumption is required: Miller's App., supra.

In the present case deceased made his home with his aunt, the claimant, for eight or nine years and was treated as a member of the family. The existence of the relationship did not in itself rebut the promise which the law implies to pay for the services, nor was there proof in rebuttal given at the hearing, other than what might be inferred from the fact that claimant provided a home for deceased, washed, ironed and mended his clothes and did everything for him a parent would do for a child, and, as far as the proofs show, made no demand for payment for such services. On the other hand, there is evidence from which a recognition of the obligation by decedent may be inferred. His financial condition was not such as to render him an object of charity. His business was that of a druggist, he was thirty-one years old at the time of his death, had ample funds in bank to meet his necessities, and no one was dependent upon him for support. Notwithstanding this, he contributed nothing toward the upkeep of his aunt's house; but he stated to witnesses he was paying his board, admitting at the same time none, in fact, had been paid. Claimant acknowledged having received $25 on account. While the testimony is meager, it is not denied that the services were rendered, and we cannot say that the court below erred in concluding the proof offered on the part of the estate was insufficient to rebut the presumption of intention to pay for such services.

Appellant further contended that if a contract to pay board existed, the law presumes payment at regular intervals and claimant failed to produce sufficient proof to overcome this presumption. This, however, is not a

case for the application of the presumption of periodical payments as in cases of claims for domestic services. The claimant did not occupy the position of a servant; on the contrary, the relations between aunt and nephew were of such peculiar and exceptional character that the presumption of payment arising in the ordinary case of services rendered is not applicable: Ranninger's App., supra; Lewis's Est., 156 Pa. 337. There is evidence that deceased, during the last year of his life, admitted he had not paid board and we fail to find any evidence on the part of the estate to prove a payment of any portion of the claim, with the exception of the small sum admitted by claimant.

The decree of the court below is affirmed.