# Brown *v*. McCurdy, Admr., et al., Appellants.

*Decedents' estates—Claims for services—Family relationship—Daughter-in-law — Evidence—Presumption—Contract—Presumption of payments—Periodic payments.*

1. The mere fact that a claimant against a decedent's estate is a daughter-in-law of the decedent raises no presumption of gratuitous services; but if the claimant has become a part of the family, the contrary is true.

2. A claim of a daughter-in-law, a member of the family, against her deceased mother-in-law's estate, for domestic services and nursing rendered during a period of fifteen years will not be sustained where there is no evidence of an express contract, and the only testimony was of indefinite declarations of decedent to the effect that claimant was to be well paid by her executors, and should no longer be required to go out to work.

3. In such case a presumption also arises that the compensation, even if any was contemplated, had been paid at stated periods.

4. Where no evidence is offered to overcome such presumption, the question is primarily for the court.

*Appeals—Refusal of judgment n. o. v.—Basic and fundamental errors.*

5. Where binding instructions were asked at the trial, and a motion for judgment n. o. v. was overruled, the appellate court must consider all basic and fundamental errors, even though no formal objection was made.

Argued April 17, 1923. Appeal, No. 73, Jan. T., 1923, by defendants, from judgment of C. P. Centre Co., Sept. T., 1920, No. 94, on verdict for plaintiff, in case of Mary E. Brown v. Charles M. McCurdy, Administrator of Jane G. Brown, deceased, and Harry U. Tibbens et al., inter-

pleaded defendants.  Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Assumpsit for services.  Before QUIGLEY, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $11,284.  Defendants appealed.

*Errors assigned* were various instructions and refusal of judgment n. o. v., quoting record.

*Ellis L. Orvis,* with him *James C. Furst* and *W. D. Zerby,* for appellants.—None of decedent's loose declarations or all together amount to more than similar declarations always designated by the appellate courts as of no weight in establishing a contract: Ulrich v. Arnold, 120 Pa. 170.

The family relationship rebuts an implied assumpsit: Neale v. Gilmore, 79 Pa. 421; Houck v. Houck, 99 Pa. 552; Patton v. Conn, 114 Pa. 183; McHenry's App., 148 Pa. 575; Gerz v. Weber, 151 Pa. 396; Gibb's Est., 266 Pa. 485.

There is no contract where services are rendered in expectation of a legacy: Thompson v. Stevens, 71 Pa. 161, 169.

*N. B. Spangler,* of *Spangler & Walker,* for appellee.— Where the relationship is that of daughter-in-law of the party for whom the services are rendered, the presumption of law is that the services were not gratuitous, but were to be paid for: Curry v. Curry, 114 Pa. 367; Davies' Est., 60 Pa. Superior Ct. 360; Evans' Est., 60 Pa. Superior Ct. 83; Gibb's Est., 266 Pa. 485; Ranninger's App., 118 Pa. 20; Rohrbach v. Ross, 75 Pa. Superior Ct. 536.

OPINION BY MR. JUSTICE SADLER, June 23, 1923:

Jane Brown, a widow, residing in Bellefonte, died in 1918, having survived her husband and three children.

A will, dated in 1905, with a codicil two years later, was probated, and subsequently letters of administration c. t. a. were granted to the defendant. A claim was made by the daughter-in-law, Mary Brown, for services as a domestic and nurse from 1903 to the time of death, and suit instituted to recover the amount alleged to be due. The plaintiff offered evidence to show a recognition of indebtedness by the decedent, and the value of her labor, while defendant denied any liability, averring there was no contract to pay, and, further, produced the will, insisting the provision there made for the claimant, if she had any right to compensation, was in satisfaction of her demand. By its terms, plaintiff received the home property with the furniture, a legacy of $600, and a share in the residuary estate. The testimony failed to disclose the total worth of the interest acquired. A trial resulted in a verdict for $11,284, and judgment was entered thereon; defendants appealed.

It appears that a son of decedent, living at the time in California, moved to his mother's home in 1901, and died there two years later. His wife joined him in 1902. She attended her husband, and, after his decease, remained with his mother. Her duties, until 1908, were purely domestic, but a stroke of paralysis, suffered by Mrs. Brown then, made nursing necessary, and this service was performed, in addition, while the latter lived. Appellee claims nothing for the period preceding her husband's death, and the evidence is silent as to anything having been agreed upon or actually paid during that time; but she seeks to recover for practically the entire time thereafter, until the death of his mother. During this period, affectionate relations existed between the two, and the needed attention was given to the decedent. The mother-in-law, a woman of means, paid the house expenses, and it was her practice to satisfy all bills promptly, but, subsequent to 1908, the claimant attended to the necessary details of management. As far as appears, no demand for payment was made at any time,

nor was there any evidence that compensation had not been given periodically, as is usual in such cases. Witnesses testified as to the wages earned for like labor in the community, and it is upon this, with proof of certain declarations indicating an admission of liability, that the jury rested its finding.

Claimant came to the home of her mother-in-law at the solicitation of her husband, and remained there as a member of the family until his death in 1903. As already stated, there is no suggestion she was to be paid for any service to be rendered during that period; on the contrary, she was treated as a part of the household, and this relationship existed until the death of Mrs. Brown. A presumption arises that the association, which began in 1902, continued, and unless it could be found from the testimony offered that there had been a change, we must assume that it was unaltered. It has been said, an intention to pay for work done will be assumed, except in the case of parent and child. Where, however, it is apparent that the parties, though not so related by blood, in reality bore like connection to each other, the implication does not arise. Under such circumstances it is necessary, before a judgment can be had, that there be proof of an express contract, which must be clearly shown: Ulrich v. Arnold, 120 Pa. 170; Zimmerman v. Zimmerman, 129 Pa. 229. The mere fact that the claimant was a daughter-in-law of the decedent raises no presumption of gratuitous service (Schoch v. Garrett, 69 Pa. 144; Gerz v. Demarra's Exrs., 162 Pa. 530; Gibb's Est., 266 Pa. 485), but if, as here, the claimant has become a part of the family, the contrary is true.

An agreement to compensate must be established. In the present case, this question was submitted to the jury, and its conclusion rested on the evidence given by three witnesses. An examination of their testimony discloses nothing more than indefinite declarations of the decedent beginning in 1903, the last, two or three years before death, and all to the effect that plaintiff was to be well

paid by her executors, and should no longer be required to go out to work. None of these statements were made in the presence of the claimant, nor did they designate the amount to be received or the period of time to be covered. In themselves they were clearly too vague to make evident any understanding, and indicate rather an intention to reward by some testamentary provision. Though the jury found that the gifts made by the will to the plaintiff were not in payment of the demand now insisted upon, yet there was no sufficient evidence to justify the submission to it of the making of a contract to recompense in any other way.

The record discloses a further reason for refusing to sustain the judgment appealed from. The claim for domestic service and nursing covered a period of fifteen years. A second presumption arose, that the compensation, even if any was contemplated, had been turned over at stated periods: Gilbraith's Est., 270 Pa. 288; Flaccus v. Wood, 260 Pa. 161; Cummiskey's Est., 224 Pa. 509. No evidence was offered by the plaintiff to overcome this burden of proof. The question, therefore, was, as always, primarily for the court, and it should have declared whether the circumstances were sufficient to show nonpayment, even if a contract had been established: Richards v. Walp, 221 Pa. 412; Gilbraith's Est., supra. The applicability of this rule to the present case is clear, and it should have been enforced. In failing to so instruct the jury error was committed.

It is true the attention of the court below was not called specifically to the matters referred to, though a request to counsel to state any other questions which required comment appears, and the record shows only a general exception to the charge. However, binding instructions were asked, and the motion for judgment n. o. v. overruled. This requires us to consider all basic and fundamental errors (Sikorski v. P. & R. Ry. Co., 260 Pa. 243), even though no formal objection is made: Knobeloch v. Ry. Co., 266 Pa. 140. Since the court was

bound to advise as to the effect of the relationship of the parties, and the proof requisite to establish an express contract to pay, and also to instruct concerning the presumption of periodic payment, the matters now complained of are reviewable.

It follows from what has been said that the verdict of the jury must be set aside. A motion to quash the present appeal was filed, but this is overruled.

The judgment is reversed and is here entered for the defendant non obstante veredicto.