In re: Estate of Martin W. Griffin, Deceased.

Argued March 5, 1929.

Before TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*George Morrow,* for appellant.—There was an agreement to pay the claimant: Evans' Estate, 60 Pa. Superior Ct. 83; Kerr v. Wilson, 284 Pa. 541. The evidence and circumstances rebut the inference that services were gratuitous: Gerz, Ex'x, v. Demarra, Ex'xs., 162 Pa. 530.

*W. L. Pace,* for appellee.—The burden was on the claimant to prove an express contract: Peiffer's Est., 261 Pa. 210; Brown v. McCurdy, 278 Pa. 19-23. To prove such claim the proof must be direct and positive: Gross' Estate, 284 Pa. 73; Schleich's Estate, 286 Pa. 582.

OPINION BY BALDRIGE, J., April 15, 1929:

This action is based upon an express contract for care and nursing. The decedent, a bachelor fifty-eight (58) years old, weighing about two hundred (200) pounds, suffered a stroke of paralysis. He was able to walk and care for himself until July, 1924, when his physical infirmities confined him to his room and rendered him practically helpless until his death in October, 1924. At the time of his death and for five years prior thereto, he lived at the home of the claimant, who is the husband of a niece of the decedent.

The household of the claimant, in addition to his wife, consisted of his wife's mother and Charles Phillips, a young man of eighteen (18) years of age. Each member of the household rendered some assistance to the decedent but under the testimony, most of the personal care was rendered by the claimant. Dr. H. O. Baldwin, the attending physician, testified to the

character of the services that were required by the decedent on account of his excessive weight and his physical condition, and that the claimant was in attendance day and night, and that "his charge therefor was reasonable." There was testimony that the claimant abandoned his regular work as a painter and devoted himself, exclusively, to nursing and caring for this decedent. It is apparent that the aid of the claimant was not only very acceptable to the decedent but that he was largely dependent on him to render the exacting and continuous nursing that was required.

The lower court in disallowing the claim said, "There is no testimony to show the services were not voluntarily performed, and all the cases hold that a claim such as the present must be supported by clear evidence of a contract or the facts from which a contract must be necessarily inferred." ...... "Loose declarations are not sufficient to support a claim such as presented here. Affirmative proof is required."

The proof of the promise to pay by the decedent was not required to be as clear as if a family relationship existed. The relationship of nephew, by marriage, did not create a presumption to be overcome by the plaintiff. There is no legal implication that the services of the claimant were voluntarily performed, nor is there anything in this case that would repel the presumption that a consideration was to be paid to claimant for his work. There certainly was no legal or moral duty on him to give up his ordinary work and devote his time to nursing the decedent without being compensated: Evan's Estate, 60 Pa. Superior Ct. 83; Gibb's Estate, 266 Pa. 485; Kerr v. Wilson, 284 Pa. 541.

As the claimant was relying upon an express contract, it was incumbent upon him to make proof thereof. He was not required to show that all the terms were defined, Miller's Appeal, 100 Pa. 568, or

that a certain sum was expressly agreed upon. All that was required was for him to show that the gist of the agreement was to pay for services rendered; the reasonable value of the services would determine the amount due. Perkins v. Hasbrouck, 155 Pa. 494. In this case we have services performed that were accepted with no presumption that they were rendered voluntarily.

In addition thereto, E. R. Carr, called in behalf of the claimant, testified that the decedent told him "that he would have to pay Will ten ($10) dollars a day" and "that he was to pay him (Will) the same as he was getting here in town."

Stanley Griffin, a nephew of the deceased, was called and testified as follows:

Q. Did you have any conversation with your uncle in which he told you anything about his arrangement with Will Slade to take care of him?

A. Yes.

Q. What did he tell you?

A. He told me that he was in such shape that he didn't really know how he could get along without Will, and that he was paying him the same as he was getting here in town.

Q. Did he tell you what the amount was?

A. No, not exactly.

Q. He just said he was paying him what Will was earning at his regular work?

A. Yes.

These declarations of the decedent, although made in the absence of the claimant, were competent testimony, and when taken in connection with the other testimony, are not such "loose declarations" that it could be held as a matter of law that they were insufficient to support this contract: Miller's Appeal, supra; Perkins v. Hasbrouck, supra; Gerz's, Exrx., v. Demarra's, Exrs., 162 Pa. 530.

The lower court apparently was influenced also by

the failure of the claimant to make a demand for the amount alleged to be due upon the decedent in his lifetime, notwithstanding that the claimant had knowledge that decedent was possessed of funds and paid his other obligations.

This is not a case for the application of the presumption of periodic payments, as in cases of claims for domestic service. The claimant did not occupy the position of an ordinary servant, but falls within the principle stated in Gibb's Estate, supra. The correctness of this conclusion is fortified in view of the uncontradicted testimony that on a former occasion when the decedent was ill, the claimant nursed him but was not paid until the deceased had fully recovered his health; then he paid the claimant five hundred ($500) dollars for his services.

We are of the opinion that the testimony offered was sufficient to support this meritorious claim. The judgment is reversed and distribtuion of the funds in the hands of the executor is to be made in accordance with this opinion. Costs to be paid by the estate.