## Estate of Ellen Bergstresser, Deceased.

Argued October 25, 1932.

Before TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*Edmund C. Wingerd,* and with him *John P. Sipes,* for appellant.

*E. M. Biddle, Jr.,* and with him *Wm. R. Johnston,* for appellee.

OPINION BY TREXLER, P. J., January 25, 1933:

This is a claim against a decedent's estate for board and lodging. The decedent Ellen Bergstresser, aged 80, went to the home of Witter, her son-in-law, in 1926 and with the exception of about six weeks remained there until the date of her death in 1930. There was no specific contract shown between the claimant and her. The learned judge of the orphans' court allowed the claim. There is no question that board and lodging were furnished to the decedent. There is no controversy as to the value of the services. The decedent contributed nothing by way of assisting in performing the household work; she was in no such physical condition as would render such action on her part feasible. She walked with a cane, and was "often helped by somebody." Two weeks before her death she told a neighbor that the claimant and his wife were good to her and "that she wanted them to be well paid for it."

At the time she went to live with the claimant she had a house from which she received a rental of $7.50 a month, and also had a deposit in a savings bank amounting to over a thousand dollars. There were no payments for services to claimant out of this fund. She had the ability to pay, but the testimony submitted shows that she did not.

As between a son-in-law and a mother-in-law, there is no presumption of payment where a woman sustaining this relation comes into a family, and performs no duties in the home. The presumption of payment does not apply: Evans' Estate, 60 Pa. Superior Ct. 83; Gibb's Est., 266 Pa. 485, 110 A. 236; Kerr v. Wilson, 284 Pa. 541, 131 Atl. 468; Estate of Martin W. Griffin,

96 Pa. Superior Ct. 185. Each case of this kind must be considered on its own facts having regard to the principles of law applicable thereto. In this case there being no presumption of payment, a very satisfactory proof of non-payment and a declaration of the decedent very shortly before her death that there should be a payment, these three elements we think are sufficient to support the decree entered by the learned president judge of the court below.

The decree is affirmed. Appellant to pay the costs.