## Reasner's Estate (Tolbert's Appeal).

Argued October 23, 1934.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James,

JJ.

*Edmund C. Wingerd,* for appellant.

*Edwin D. Strite,* for appellee.

OPINION BY KELLER, J., February 1, 1935:

This was a claim by decedent's daughter-in-law against his estate for 'board, lodging, nursing and similar services' rendered over a period of seventy-two weeks at $5 a week. The services were rendered while decedent was living with his son and the latter's wife, the claimant, in the son's home. The auditor disallowed the claim because of the relationship between decedent and claimant's husband. The court sustained exceptions to the auditor's report and allowed the claim because it felt obliged to do so under our decision in Bergstresser's Est., 107 Pa. Superior Ct. 436, 163 A. 926. At the same time it ruled that the evidence was not sufficient to sustain a finding that a contract had been entered into between the claimant and the decedent to pay for the services.

The learned court below has misconstrued the effect of our decision in Bergstresser's Estate.

There the decedent went to live with her son-in-law, and boarded and lodged with him practically until her death. The home in which she lodged belonged to him. The food she ate was his. Nominally, at least, the hus-

band is the head of his household, and where the relationship between the head of the house and the lodger and boarder is that of son-in-law and parent-in-law, the law does not imply that the services are furnished gratis and without intent to be compensated for them: Gerz's Exrs. v. Demarra's Exrs., 162 Pa. 530, 29 A. 761; Smith v. Milligan, 43 Pa. 107, 109; Perkins v. Hasbrouck, 155 Pa. 494, 26 A. 695; Brown v. McCurdy, 278 Pa. 19, 122 A. 169. A son-in-law is under no legal duty to support or provide for his wife's parents.

On the other hand when a father or mother comes to live with his or her son, in the latter's home, the rule is otherwise, and the law implies no promise on the part of the parent to pay for board and lodging and kindred services, and nothing less than an express promise will enable the child to recover from the parent: Miller's Appeal, 100 Pa. 568, 571; Lynn v. Lynn, 29 Pa. 369; Smith v. Milligan, supra; Houck's Exrs. v. Houck, 99 Pa. 552; Burgess v. Burgess, 109 Pa. 312, 316, 1 A. 167; Young v. Hipple, 273 Pa. 439, 447, 117 A. 185.

In the present case the house in which they lived together belonged to the son. It had been conveyed to him by the decedent. The food furnished decedent was the son's. The fact that it was prepared by the son's wife and was served to the father by her does not take it out of the rule just above stated. Such services performed by the son's wife come within the rule applicable to the son and will not be compensable in the absence of an express contract in her favor: Houck's Exrs. v. Houck, supra, p. 554. They are performed in her wifely capacity and, in the absence of an express contract, fall in the same category as similar services furnished by a son to his parent, and carry with them no obligation on the part of the parent to pay for them merely on proof of their performance.

The assignments of error are sustained. The decree

is reversed and the record is remitted to the court below with directions to disallow the claim and make distribution in accordance with this opinion. Costs on appeal to be paid by appellee.