## Patterson's Estate

*Joseph M. Smith* and *Joseph Neumann Smith*, for exceptants.

*Roper & Caldwell*, contra.

STEARNE, J., January 10, 1936.—The exceptions in this case raise a question as to the effect of a "family relation" upon a claim for services by a sister-in-law against the estate of a decedent.

It is well settled that as between parent and child the law implies no promise to pay for board, lodging and kindred services, and requires proof of an express promise to pay. But where the relationship between the head of the house and the lodger and boarder is but a collateral

connection the rule is contrary, in that the law does not imply that the services were furnished gratis: Reasner's Estate, 116 Pa. Superior Ct. 238. Where, however, such collateral relative claimant has become part of decedent's family, and a family relation exists, it is necessary to prove an express promise to pay before a recovery may be had: Brown v. McCurdy, Admr., et al., 278 Pa. 19.

Thus in Brown v. McCurdy, Admr., et al., supra, a claim was made by a daughter-in-law against her deceased mother-in-law's estate for domestic services and nursing. It was shown that claimant, with her husband, a son of decedent, moved into decedent's home and remained there as part of the family for 15 years. There was no proof of an express promise by decedent to pay for such services. The claim was not allowed. Mr. Justice Sadler wrote at page 22:

"The mere fact that the claimant was a daughter-in-law of the decedent raises no presumption of gratuitous service (Schoch v. Garrett, 69 Pa. 144; Gerz v. Demarra's Exrs., 162 Pa. 530; Gibb's Est., 266 Pa. 485), but if, as here, the claimant has become a part of the family, the contrary is true."

In Kerr et ux. v. Wilson, Exec., 284 Pa. 541, the principle that actual family relationship raises a presumption that the services were rendered gratuitously and consequently the burden, in such case, is upon claimant to establish an express contract, is affirmed. In that case, distinguishing the facts from those in Brown v. McCurdy, Admr., et al., supra, Mr. Justice Frazier wrote, at page 543:

"It thus appeared that a family relationship had definitely been established before the necessity for actual service toward the person providing the home had arisen. In the present case the conditions were reversed, decedent sought a home and someone to care for him in his old age".

In the case at bar claimant is a sister-in-law (wife of a brother-in-law) of decedent. Decedent was the owner

and occupant of a house, and claimant, in 1927, with her husband and daughter, came to live with decedent. We consider it a fair inference from the testimony that a family relationship was established, because from 1927 until decedent died in 1930 claimant and her husband paid no rent, claimant supplied the food, and decedent paid no board. Obviously the relationship was that of family. There was not the slightest evidence of an express contract between the parties for the payment of the nursing services. The only testimony was an indefinite declaration of decedent to the effect that claimant would be "well paid". It would therefore clearly appear that this case is ruled by Brown v. McCurdy, Admr., et al., supra. The claim is dismissed. This result is not to be regretted as doing a possible injustice to claimant when it is considered that claimant has received a substantial interest in decedent's estate under the terms of his will. Exceptions nos. 1, 2, and 4 are sustained.

At the argument it was agreed that exception no. 3 be sustained pro forma because the sum of $362.50 is held in escrow pending settlement of this case, and this item, so held in escrow, is an asset of the estate in the hands of the title company.

The adjudication, so modified, is confirmed absolutely.