## McHugh's Estate.   McMenamin's Appeal.

[Marked to be reported.]

*Decedents' estates—Claim for services.*

A minor after his father's death lived at the house of his aunt, under an arrangement by which the minor's guardian paid seven dollars per week for his board. During the last month of the boy's illness the guardian agreed to pay the aunt's daughter fifteen dollars per week, in addition to the board, for nursing him. No further demand was made during the boy's lifetime, but at the audit of the account of his administrator the aunt made a further claim of three dollars per week for nursing during the whole period of his stay, and of fifty dollars for the use of her house during the funeral. *Held,* that the claim should not be allowed.

Argued Jan. 9, 1893.   Appeal, No. 417, Jan. T., 1892, by John F. McMenamin, executor and trustee of Patrick McHugh, deceased, and administrator of John Q. McHugh, deceased, and of Wm. C. McHugh, next of kin of John Q. McHugh, deceased, from decree of O. C. Phila. Co., Oct. T., 1891, No. 395, dismissing exceptions to adjudication.   Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.

The facts appear by the opinion of the Supreme Court.

The auditing judge allowed the claim.   Appellants filed ex

ceptions, inter alia, (1) to the allowance of the claim, and (2) in entertaining jurisdiction of said claim. The exceptions were dismissed in an opinion by PENROSE, J., 1 Dist. R. 154.

*Errors assigned* were (1, 2) dismissing exceptions to adjudication, quoting them.

*James M. Beck*, with him *Henry B. Freeman* and *William F. Harrity*, for appellants, cited Kneass's Est., 6 Phila. 353; Lynn v. Lynn, 29 Pa. 369.

*Joseph P. McCullen*, for appellee.—The claim is just.

OPINION BY MR. CHIEF JUSTICE PAXSON, January 23, 1893:

This belongs to a class of cases which, in Lynn v. Lynn, 29 Pa. 369, Justice LOWRIE characterized as "among the most odious the courts have to deal with." It differs from that case only in degree. There are a number of cases following Lynn v. Lynn which I will not stop to cite, in which this court has applied equally vigorous language where claims have been trumped up against the estates of the dead.

The facts of this case, briefly stated, are as follows: John Q. McHugh, the decedent, died at the home of his aunt, Mrs. Margaret T. Lambert, the appellee. He was a minor, and had been living at her home and as a member of her family since his father's death, which was about one year, with some intermissions, which he spent with his guardian at Towanda, Pa., and at Bedford Springs. He was not in good health, and died on the 10th day of November, 1891, of consumption. His guardian arranged with Mrs. Lambert to pay her $7.00 per week for his board, which was done. During the last month of the boy's illness he appears to have required some extra attention, and the guardian agreed to pay Mrs. Lambert's daughter $15.00 per week, in addition to the board, for nursing him. This extra service appears to have been performed by Miss Lambert, and she has been paid for her services with the exception of $26.00, which sum is admitted to be still due. About this there is no dispute. The claim about which this contention arises is that of Mrs. Lambert, who demands $3.00 per week for additional nursing for fifty weeks, and also the further sum of $50.00 for the use of the house during the funeral.

Conceding that we must treat this case as one of debtor and creditor, and as not coming within the rule in regard to domes-

tic relations, we are of opinion that the claim of the appellee was not sufficiently established. There was no contract to pay for extra services beyond that mentioned, and if the appellee found that $7.00 per week was inadequate compensation for the boy's board and washing she should have so informed the guardian and made a new contract. The claim of $3.00 per week for the whole time for nursing is exceedingly flimsy, and does not require serious consideration. It covers the entire period during which the boy was an inmate of his aunt's house, and for a considerable portion of which he was at Towanda, Bedford Springs, and other places. The claim, as originally presented to the administrator on December 4, 1891, on behalf of the appellee, was for "extra attendance and nursing from September 5th to December 10th, $75.00." The claim as now presented appears to have been an after-thought.

The charge of $50.00 for the use of the house at the funeral, under the circumstances of this case, ought not to have been allowed. The learned court below appears to have regarded the allowance of it as leaning somewhat on the side of liberality. It would have been extravagant had the parties been strangers. In view of the fact, that the boy died in the house of his aunt, where he had made his home since his father's death, and that ample compensation had been made for his residence there, we think this charge was unconscionable and ought not to have been allowed.

The first specification of error is sustained, and the order of the court below, awarding to the appellee, Margaret T. Lambert, the sum of $200, is reversed and set aside. The costs of this appeal to be paid by said appellee.