## Carpenter *v.* Hays, Appellant.

*Decedent's estate—Claim for services.*

Wages for domestic service are presumed to be paid at the periods customary at the time and in the neighborhood, and claims for such wages for unusual length of time, and especially those not made until after the claimant has left the service, must be supported by affirmative proof that they have not been paid.

*Presumption of payment.*

In such case the presumption of payment will gather strength as each period of payment goes by, and the evidence to overthrow it must be correspondingly increased.

*Evidence of agreement to pay for services.*

In an action against an executrix to recover for services rendered in nursing the decedent, it appeared that plaintiff, a cousin of testator, began to render the services for which compensation was claimed in 1885, and that decedent died in February, 1886. Suit was brought without previous notice or demand in 1890. Two witnesses testified to declarations by decedent that plaintiff should be paid. One of these witnesses who had a similar claim against the estate said: "Ulmer (the decedent) told her to stay, and she would be paid for it; he always said that." Another witness testified that in response to a remark that he had two good women to take care of him, testator said "and they shall be well paid." These declarations were made shortly after plaintiff entered testator's household. It also appeared that plaintiff and the executrix were hostile, that plaintiff had been a witness in an attempt to set aside the will, and that she had been forcibly ejected from decedent's house by the husband of executrix: *Held,* that the evidence was insufficient to sustain plaintiff's case.

Argued Jan. 3, 1893. Appeal, No. 230, Jan. T., 1892, by defendant, Jennie E. Hays, executrix of George F. Ulmer, deceased, from judgment of C. P. No. 1, Phila. Co., on verdict for plaintiff, Mary Carpenter. Before Paxson, C. J., Sterrett, Green, Williams, McCollum, Mitchell and Dean, JJ.

Assumpsit for services as nurse.

At the trial it appeared that plaintiff, who was a cousin by marriage of testator, George F. Ulmer, went to live with him and nurse him in the early part of 1885, and remained until he died, Feb. 18, 1886. Elizabeth Rice, a sister-in-law of plaintiff and a cousin by blood of testator, also lived with him and helped to take care of him. There was no contract between plaintiff and testator as to wages, and the claim was on a quantum meruit. Other facts appear by the opinion of the Supreme Court.

Defendant's point was among others as follows:

" 8. There being no evidence that the plaintiff was not paid her wages as they came due, the verdict should be for defendant." Refused.

Verdict and judgment for plaintiff for $660.80.    Defendant appealed.

*Error assigned*, inter alia, was (3) answer to defendant's point, quoting point and answer as above.

*John Dolman*, for appellant.—In the case of domestic servants, of which a nurse is one, the law presumes that the wages are paid, as that is the custom: McConnell's Ap., 97 Pa. 31; Houck v. Houck, 99 Pa. 554.   Any claimant against that presumption must prove the nonpayment by convincing testimony: Beale v. Kirk, 84 Pa. 415; Reed v. Reed, 46 Pa. 239; Gregory v. Com., 121 Pa. 611; Peters's Ap., 106 Pa. 341.

This court has in several cases commented in strong language on those claimants, who, years after a man is dead, commence suits against his estate for services, which they attempt to sustain by testimony of loose declarations of the decedent, whom death has deprived of the power of contradicting them: Wall's Ap., 111 Pa. 471; Ulrich v. Arnold, 120 Pa. 170; Graham v. Graham, 34 Pa. 480; Pollock v. Ray, 85 Pa. 432; Barhite's Ap., 126 Pa. 404.

*W. A. Manderson*, for appellee.—The evidence showed that testator had no money with which to pay plaintiff.   The evidence was sufficient to throw the burden on defendant.

OPINION BY MR. JUSTICE MITCHELL, February 20, 1893:

Claims against a dead man's estate, which might have been made against himself, while living, are always subjects of just suspicion, and our books from Graham v. Graham, 34 Pa. 475, to Miller's Est., 136 Pa. 239 (249), are full of expressions by this court of the necessity of strict requirement of proof and the firm control of juries in such cases.   The present is no better than most of its class.

Wages for domestic service are presumed to be paid at the periods customary at the time and in the neighborhood, and claims for such wages for unusual length of time, and especially those not made until after the claimant has left the service, must be supported by affirmative proof that they have not been paid.   As said by STRONG, J., speaking of the similar presumption of payment of a bond after the lapse of twenty years, the legal presumption shifts the burden of proof, and " after twenty years the creditor is bound to show by something more than his

bond, that the debt has not been paid." Reed v. Reed, 46 Pa. 239. The English rule in regard to wages has long been settled. It is founded on the habits and usages of the people, the solid foundation of all common law presumptions of fact. The same habits and usages obtain in this country, and the same rule was therefore adopted in McConnell's Appeal, 97 Pa. 31, and is now the settled law of the state: Houck v. Houck, 99 Pa. 552; Webb v. Lees, 1 Adv. R. 677 [149 Pa. 13].

The presumption grows stronger as each period of payment goes by. In the nature of things it is less potent against a claim for two or three months' wages, than for two or three years'; and again its strength is increased or diminished by other circumstances that in the usual experience of life make payment more probable or explain the delay. And the evidence to sustain the claim must vary in the same ratio. As said by our late Brother CLARK in Gregory v. Com., 121 Pa. 611, " the presumption will gather strength with each succeeding year, and the evidence to overthrow it must, of course, be correspondingly increased. "

The evidence in the present case fails altogether to come up to the required standard. Two witnesses testify to declarations by the decedent that plaintiff should be paid. Mrs. Rice says, " Ulmer told her to stay and she would be paid for it, . . . . he always said that, " and Mrs. Bunnell says that, in response to her remark that he had two good women to take care of him, he said, " and they shall be well paid." In addition, Mrs. Rice says, " Well, you know I didn't get my money when I was there. Mr. Ulmer hadn't the money there to pay me." This is all there is to support plaintiff's claim, half of it comes from an interested witness who had herself a similar claim then pending, and all of it, vague and indefinite as it is, refers to a time when plaintiff had just or but recently come to the decedent's house, and the services were still to be rendered. The bearing of the decedent's declarations was on the future, not on the past, to which the legal presumption applies. The services for which plaintiff claimed began early in 1885, the decedent died in February, 1886, this suit was brought without previous notice or demand in May, 1890. For this delay of more than four years after the services had terminated by the death of the recipient, the circumstances afford no explanation.

On the contrary they materially strengthen the legal presumption. The defendant, appellant, was not only the executrix but the sole beneficiary under the will of George Ulmer. The relations between the parties were hostile. Mrs. Rice and the plaintiff were forcibly ejected from the decedent's house by appellant's husband, and they were charged with having secreted with intent to carry away certain articles of silver ware of decedent, a charge they failed to deny on the witness stand. Mrs. Rice, a cousin of decedent, was party to an attempt to set aside his will, and plaintiff was a witness in her behalf. That under such circumstances plaintiff should have waited four years, and until after the determination of the contest on the will, before making known her claim, is strongly persuasive that it is not an honest claim for services unpaid, but an effort as an afterthought to get a portion of the estate where the attempt to get the whole had failed. If the presumption of payment is to be worth anything at all, it ought to govern such a case as this. The appellant's third point should have been affirmed, and the jury directed to find for the defendant.

Judgment reversed.