## Hayes's Estate.

*Decedent's estates—Claim for domestic services—Presumption of regular payment.*

Wages for domestic service are presumed to be paid at the period customary at the time and in the neighborhood, and claims for such wages for an unusual length of time, especially those not made until after the claimant has left the service, must be supported by affirmative proof that they had not been paid. The presumption shifts the burden of proof.

The presumption of payment for domestic services applies not only to domestics living in the house of the employer, but also to persons rendering domestic services, but not living in the employer's house.

The presumption that a decedent regularly paid a woman who did his washing and ironing and rendered him other domestic services, but who did not live in the same house with him, is not rebutted by the claimant's declarations to third persons that she made frequent demands for money, and that the decedent refused to pay her the amount she asked for, and by the account book of the decedent, which was not a full record either of his receipts or disbursements, but which contained occasional charges against the claimant.

Argued March 13, 1901. Appeal, No. 8, March T., 1900, by Lucy Savage, from decree of O. C. Cumberland Co., sustaining exceptions to auditor's report in the estate of W. D. E. Hayes, deceased. Before RICE, P J., BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Exceptions to report of A. G. Miller, Esq., auditor.

The facts appear by the opinion of the Superior Court.

The auditor allowed the claimant $235.50. Exceptions to the auditor's report were sustained, and the amount was cut down to $20.00.

*Error assigned* was the decree of the court.

*W. F. Sadler*, of *Sadler & Sadler*, with him *J. S. Omwake*, for appellant.

*E. W. Biddle, Jr.*, with him *R. M. Henderson* for appellees.

OPINION BY RICE, P. J., July 25, 1901:

The appellant's claim against the decedent's estate, as stated

by her counsel at the audit was "for washing, ironing and nursing, from August 5, 1890, to August 5, 1895, a period of sixty months at $5.00 per month, or a total of $300, and for similar service, washing, ironing and nursing, etc., from August 5, 1895, to August 5, 1896, a period of twelve months, at $6.00 per month, $72.00, making a total of $372, to which we have marked a credit of $29.50, leaving a balance due Mrs. Savage of $342.50 which will be supported by testimony."

The testimony adduced in support of this claim tended to show that the defendant engaged her to do his washing, ironing, mending, sweeping and cleaning house, for $5.00 per month; that she rendered these services during the period covered by her claim; and that they were worth the wages charged; but there is no evidence that she acted as a nurse. The testimony of her principal witness as to the hiring was as follows: "Q. Do you know anything about the agreement that Mrs. Savage had with Dr. Hayes about doing that work? A. Yes, sir; I remember that; she was working for me a great while and he wanted to change his washwoman, and I recommended Mrs. Savage, and she went over and he agreed to have her do his work and pay her just what she asked for. Q. Do you know what Mrs. Savage asked for her services at the time? A. Five dollars a month." The auditor's finding as to the services rendered by her is as follows: "She washed and ironed his underclothes, his breeches and his vests; his bedclothing for two beds; swept and dusted his house" (he occupied only two rooms and took his meals at a boarding house) "washed up his floors and windows; blacked his stoves and twice a year did general housecleaning. In addition to this she mended his clothing, helped to make bedclothing, and to put the furnishings in his house." The last year of his life his clothing became quite offensive. She did not live in his house but took the washing to her own home and returned it. The claimant washed for other people also, and was dependent upon her earnings and the contributions of her two sons for support. The decedent was amply able at all times to pay the wages earned by her.

Strictly speaking the claimant was not a domestic because she did not reside in the same house with the master whom she served (Bouv. L. Dict. (Rawle's ed.) 600), but the services

were such as domestic servants render, and the same presumptions, and for the same reasons, apply to her claim as if she had lodged in his house. The law upon this subject is well settled. Wages for domestic servants are presumed to be paid at the periods customary at the time and in the neighborhood, and claims for such wages for unusual length of time, especially those not made until after the claimant has left the service, must be supported by affirmative proof that they have not been paid. The presumption shifts the burden of proof. It is founded on the habits and usage of the people, the solid foundation of all common-law presumptions of fact. It grows stronger as each period of payment goes by and the evidence to overthrow it must be correspondingly increased: Carpenter v. Hays, 153 Pa. 432; McConnell's Appeal, 97 Pa. 31; Houck's Exrs. v. Houck, 99 Pa. 552; Coulston's Estate, 161 Pa. 151. The auditor was of the opinion, that, if this principle was applicable to the claimant's case, the legal presumptions are rebutted " by her frequent demands for money, and his refusal to pay her the amount she asked for." This finding of fact is based solely on the claimant's declaration to third persons and has not a scintilla of competent evidence to support it. The account book of the decedent was not submitted to our inspection, but the court below has found that it was evidently not a full record either of his receipts or disbursements, and, judging from the extract printed in the appellant's paper-book, was clearly warranted in its conclusion, that the occasional charges in it against Mrs. Savage are not sufficient to overcome the presumption that he paid her periodically for her work. There was no other evidence of any kind to rebut the presumption. " Its strength is increased or diminished by other circumstances that in the usual experience of life make payment more probable or explain the delay : " Carpenter v. Hays, supra. In the present case it is strengthened by the facts of the decedent's ability to pay and the claimant's dependence for support upon her earnings and the voluntary contributions of her sons. " Few persons take receipts for the payment of servant's wages, and the proof thereof, in many cases, would be exceedingly difficult. This of itself would not be sufficient to defeat a just claim, but it is a good reason why a presumption based upon sound

principles and the known rules which guide human conduct should be applied:" McConnell's Appeal, supra. This in our opinion, was a proper case for its application; therefore, we affirm the decree.