Opinion by
Orlady, J.,
In the adjudication of the account of A. L, Fry, administrator, the only controversy with which we are concerned, is that of a claim of Mary Erb for services rendered to the decedent. The testimony shows that for a number of years she was the latter’s housekeeper, cook and nurse, and that he was a paralytic. She also worked in the fields as a day laborer, and attended to the general care of his house, barn and cattle. There was no controversy between the parties as to work or wages, and it is conceded that the services performed by her were arduous and disagreeable, and that the decedent was very exr acting in the attention required by him, being an enfeebled and helpless old man. It is not at all clear what the original contract between the 'parties was, nor is it certain that its original terms were changed in any way, except as to the time when Mary Erb. was to be paid for her services. While the decedent owned a farm he was continually pressed for money, and the testimony shows that he .made repeated promises to pay her what her services were worth, and also that she was satisfied to postpone, her claim in favor of other and more insistent creditors. After a careful review of all the testimony the learned judge below sustained her claim, and made an award in accordance with his conclusions, which are fully sustained by the evidence. The attempt to bar a recovery of her claim by an alleged receipt for $25.00, signed with her name, marked “In full for labor,” and releasing all other claims and demands, was answered by her denying its genuineness; as well as by the corroboration of her statement by the facts incident to the manufacture of this item of evidence, and by the withholding of a genuine receipt which had been prepared by counsel for the heirs.
The courts will not relax the rule of requiring clear proof of such claims against a dead man’s estate when they might have been made against himself .while living, and they are always *448 subjects of a just suspicion. A high standard of proof is demanded in such cases, which must be of a convincing kind; but when such proof is furnished and the court or the jury is. satisfied of the correctness of the claim, it should be paid like any other just demand: Carpenter v. Hays, 153 Pa. 432; Hayes’s Estate, 17 Pa. Superior Ct. 412. We are fully in accord with the conclusion reached by the learned court below, and the judgment is affirmed.