## Van Leer's Estate.

*Decedents' estates—Claims against for extra work—Prices.*

1. Where the only evidence in behalf of a claim against a decedent's estate for extra work in the construction of a building for decedent shows that the prices were agreed upon, but fails to disclose what they were, there can be no recovery.

2. As the decedent was liable for the price agred upon, but not for the fair value of the work, there can be no recovery on the basis of a *quantum meruit.*

*Decedents' estates—Claims against—Stale claims.*

3. Where there is no evidence that claimant ever presented his claim to decedent in his lifetime and no explanation is given for not having done so, the claim is stale.

Exceptions to adjudication. O. C. Phila. Co., April T., 1923, No. 1001.

*Franklin E. Barr,* for exceptant; *G. S. Russell,* contra.

THOMPSON, J., May 19, 1925.—The exceptions before us relate to the rejection by the Auditing Judge of two claims, one of $898.20, being for alleged

extra work done on a garage, and the other of $177.92, repairs to a wagon-shed, as set forth in the appearance slip of claimant.

We have read the testimony with care, and the same discloses that decedent died Feb. 27, 1923. In November, 1919, he was the owner of a lot of ground, Nos. 1237-39 Crease Street, this city, upon which was erected a stable in the rear and also a wagon-shed. In November, 1919, decedent and claimant entered into a written contract, with plans and specifications annexed, whereby claimant agreed to erect for decedent on said lot a one-story garage for the sum of $5300. The building was erected and $4000 of the contract price paid by decedent in his lifetime and the balance awarded claimant at the audit. The claim of $898.20 was for work done and material furnished in the erection of the garage, which it is claimed were not included in the plans and specifications. Claimant's foreman testified that he was present when the decedent ordered the so-called extra work and that the prices for the same were agreed upon by both claimant and decedent, but it was not stated by any of the witnesses what these prices were. Claimant offered testimony tending to show the fair market price of the work claimed for, but the Auditing Judge properly, in his adjudication, struck out their testimony, as claimant had proved an express contract at an agreed price, although the witnesses failed to state that price. The plans and specifications are very vague, but, assuming that the decedent was liable for the so-called extra work, it is the price agreed upon for the same, not the fair value thereof. To hold otherwise would be to make a new contract for the decedent and charge him therefor a price which he had not agreed to pay. The fair market value of the work may be greater or less than the contract price, but all that the decedent can be asked to pay is the contract price, and as there was no evidence as to what that was, the Auditing Judge could not have done otherwise than to reject the claim.

In Hirst's Estate, 274 Pa. 286, the Supreme Court said: "A claim against the estate of a decedent must be as definite and precise as is required to recover a debt in an action at law. While formal pleadings are dispensed with, the claimant should produce evidence showing the nature and character of the debt, its origin, the terms of the contract and the exact amount claimed to be due. In an action at law, he is required to show the net balance, and in the claim presented against this estate the amount due does not appear with the exactness required in proving claims of this character."

The evidence shows that claimant and decedent had business relations shortly before the death of decedent, and claimant admits an indebtedness due by him to the decedent of $262.75, which he offers to deduct from his claim, if allowed. As there was no evidence that claimant ever presented his claim to the decedent in his lifetime, and he offers no explanation of why he did not do so, it falls into the class of stale claims concerning which the Supreme Court said in Gilbraith's Estate, 270 Pa. 288: "We said in Carpenter v. Hays, 153 Pa. 432, 434, and have since frequently repeated, 'without variableness or shadow of turning' therefrom, that 'claims against a dead man's estate, which might have been made against himself, while living, are always subjects of just suspicion, and our books, from Graham v. Graham's Executors, 34 Pa. 475, to Miller's Estate, 136 Pa. 239 (249), are full of expressions by this court of the necessity of strict requirement of proof and the firm control of juries in such cases.' And again (page 435) : 'The presumption grows stronger as each period of payment goes by. In the nature of things, it is less potent against a claim for two or three months' wages than for two or three years. . . . As said by our late brother Clark in Gregory's Executors v. Com., 121 Pa. 611,

Van Leer's Estate.

'the presumption will gather strength with each succeeding year, and the evidence to overthrow it must, of course, be correspondingly increased.'' Experience has demonstrated not only the wisdom of these rules, but the necessity for even more strictly adhering to them, and we propose to use the light thus cast upon our pathway."

For the reasons above given, all exceptions filed to the action of the Auditing Judge in rejecting said claims are dismissed and the adjudication confirmed absolutely.