## Schleich's Estate.

*Wills—Construction—"Blood heirs"—Remainders.*

1. Where testatrix devises and bequeaths her estate among a number of cousins, and directs that, "in case any of my aforesaid cousins shall die before me, I give and bequeath the share of the one so dying to their respective children or blood heirs," the share

of a cousin dying in the lifetime of the testatrix passes to the direct lineal descendants of such cousins to the exclusion of collaterals.

2. In such case, if a cousin dies without lineal descendants, the share lapses, and passes to the heirs of testatrix.

*Decedents' estates—Claim for services—Wages—Presumption of payment at regular intervals—Evidence to rebut presumption.*

3. Where a claim is made against a decedent's estate for domestic services rendered during many years, the law will presume payment at regular intervals for such services, in absence of clear evidence to the contrary.

4. To establish such a claim by parol evidence the terms of the liability must be certain and definite, and the proof direct and positive.

5. If the claimant has received a certain amount each month for services, the presumption will be that the payment thus received was in full satisfaction of any demand.

Argued May 11, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 173, Jan. T., 1926, by Sarah C. Ruth, claimant, from decree of O. C. Lancaster Co., Dec. T., 1924, No. 45, dismissing exceptions to adjudication, in estate of M. Caroline Schleich, deceased. Affirmed.

Exceptions to adjudication. Before SMITH, P. J.

The opinion of the Supreme Court states the facts.

Exceptions dismissed. Sarah C. Ruth, claimant, appealed.

*Error assigned* was, inter alia, decree, quoting record.

*H. Clay Burkholder,* with him *John E. Malone,* for appellant.

*William C. Rehm,* for appellees, was not heard.

OPINION BY MR. JUSTICE FRAZER, June 26, 1926:

M. Caroline Schleich died in 1924, leaving a will dated September 16, 1918, in which she directed that her re-

siduary estate be converted into money and divided into fourteen equal parts, giving one part to each of a number of cousins whom she named, the provision as to four of the parts being to "the children or blood heirs of Mrs. Mary C. Wagner, Mrs. Catherine Brecht, Mrs. Margaret Kneezel, and Mrs. Annie Oblender, their mothers' equal one-fourteenth share or part." This was followed by the further provision that "in case any of my aforesaid cousins shall die before me, then and such case I give and bequeath the share of the one so dying to their respective children or blood heirs." Catherine Brecht died in 1915, leaving a son who died in 1917. It is claimed on behalf of the heirs of Mrs. Schleich, and the court below so held, that the one-fourteenth share given to the children or blood heirs of Catherine Brecht lapsed, while on the other hand the share is claimed by Sarah C. Ruth, a sister of Catherine Brecht. The question thus raised is whether the words "blood heirs" used by testatrix includes only lineal descendants or embraces collateral heirs. The court below held the expression "or blood heirs" did not constitute an alternative gift but was used merely as descriptive of the children, and confined the gift to direct lineal descendants to the exclusion of collaterals.

The contention of appellant is that the words "blood heirs" were intended to include both collateral and lineal heirs of the same blood as distinguished from heirs by affinity, and that this view finds support from the fact that Mrs. Brecht and her son were both dead at the time the will was executed. The inference to be drawn from this fact is however rebutted by language used in the devise, which clearly shows an intention to confine the gift to children. The gift is direct to the "children" of the persons named, and the subject of the gift is "their mothers' equal one-fourteenth share or part." This language could not refer to persons other than children, and indicates the words "blood heirs" were used by testatrix in a limited sense, she having in mind only the

children or direct lineal heirs. The court below accordingly properly held the bequest to Mrs. Brecht lapsed.

A claim amounting to $6,110 was presented by appellant, a cousin of testatrix, against the estate for services rendered deceased during her lifetime. It appears that about twelve years before her death testatrix was living alone, and arrangements were made by a son of claimant, who at that time attended to the business affairs of testatrix, and is now executor of her estate, whereby Mrs. Ruth took up her residence with testatrix as "housekeeper and caretaker." She continued to occupy this position until the death of Miss Schleich in 1924. In the meantime the two women lived harmoniously together, the arrangement apparently being a mutually satisfactory one. No agreement was made as to wages, and appellant received from decedent $15 every two weeks, though it is not clear whether this sum was to take care of household expenses or to be applied in part as compensation for services. The executor took credit in his account for four payments to appellant of $25 each; these amounts were paid subsequently to the death of testatrix and entered as "payment on account of services to decedent." The estate of testatrix exceeded $100,000, and at all times decedent had ample funds to pay for needed services. The record is destitute of testimony tending to establish a promise made by testatrix to pay appellant a stipulated sum for services, or any amount whatever, and if such promise had been made, we find no explanation of a delay of twelve years in making demand for payment.

Under the foregoing facts, the evidence was clearly insufficient to overcome the presumption that the services rendered were paid for regularly. There were ample funds at all times to pay the debts of testatrix as incurred. It is also not unreasonable to presume, the claimant's son who had charge of the business affairs of testatrix in her lifetime, and attended to the payment

of her bills, would have seen that his mother was paid, from time to time, whatever sum she was entitled to receive, or if an agreement existed as to deferred payments, would have taken precaution to have substantial evidence of such understanding. Being an attorney, presumably he was well aware of the difficulty of proving a claim of this character against the estate of a decedent, and that the law would presume payment at regular intervals for such services in absence of clear evidence to the contrary. The measure of proof required in such case has been stated so often that we deem unnecessary further discussion than is found in the opinion of this court in Gross's Est., 284 Pa. 73, 75, as follows: "The matter, as it thus presents itself, is resolved into a contest against an estate by one who was in a position to assert his rights long before the death of the other party, at a time when there was sufficient money on hand to pay it, and when the other party, the one most interested, was in being to defend his rights. To successfully assert a claim against a dead man's estate is being steadily made more difficult. To establish such claim by parol evidence requires proof direct and positive. The terms of the liability must be certain and definite: Caldwell v. Taylor, 276 Pa. 398, 404; Goodhart's Est., 278 Pa. 381; Hirst's Est., 274 Pa. 286, 288; Reynolds v. Williams, 282 Pa. 148. As we have often said, 'These claims are always looked on with suspicion,' the burden of proof lying on claimant: Heffner's Est., 134 Pa. 436, 444. Moreover, appellant is also faced with the proposition that, having received a certain sum of money each month, for services, the presumption would be the payment thus received was in full satisfaction of any demand: McConnell's App., 97 Pa. 31, 34; Houck v. Houck, 99 Pa. 552, 555; Flaccus v. Wood, 260 Pa. 161, 164; Gilbraith's Est., 270 Pa. 288, 290; Winfield v. Beaver Trust Co., 229 Pa. 530; Brown v. McCurdy, 278 Pa. 19, 23." The testimony offered by appellant in sup-

port of her claim fails to measure up to these requirements.

The decree of the court below is affirmed at costs of appellant.