## Schoenbachler's Estate.

Argued February 1, 1933. Before FRAZER, C. J., KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*George J. Edwards, Jr.,* for appellants.

*Joseph K. Coxe,* for appellee.

PER CURIAM, March 20, 1933:

At the adjudication of the estate of Arnold Schoenbachler, who died intestate, the auditing judge allowed the claim of Josephine Fuchs for $6,090 on a quantum meruit for services rendered decedent during his lifetime. The guardian for the heirs under the intestate law, all minors, contests payment and appeals from the decree allowing this claim.

The testimony shows that claimant, after considerable persuasion on the part of Schoenbachler, her cousin, left the home where she had been employed for almost twenty years to act as his housekeeper; that no wages were to be paid her, decedent, however, stating he would provide compensation by leaving her, in his will, the house in which he lived "with all expenses paid as long as she lives;" that for almost twelve years, until the time of his death, she remained with decedent as housekeeper, performing all household duties, including the marketing and paying bills. Decedent died without making a will, and appellee having failed to receive recompense for her services as promised, the court below awarded compensation based on a weekly wage of $10 from the time claimant entered decedent's service until his death.

The testimony is ample to sustain the conclusion that claimant was induced to enter decedent's service and act as housekeeper, and that she continued as such as averred, with the understanding that she would be compensated by a legacy at his death. Decedent having failed to reimburse her in his will as promised, appellee's claim is properly brought for the reasonable value of her services: Kauss v. Rohner, 172 Pa. 481. The court below correctly held that the statute of limitations does not, as appellant contends, apply to part of the

claim, inasmuch as there was no contract for weekly or other regular payment during decedent's lifetime:. Conkle v. Byers's Exr., 282 Pa. 375, 378. See also Elwood's Est., 309 Pa. 505.

The decree is affirmed at cost of appellants.