## Bowen's Estate

Before Stearne, Sinkler, Klein, Bolger, and Ladner, JJ.

106

*Myron Jacoby*, for exceptants.

*Samson McDowell* and *Robert H. Morrow*, contra.

BOLGER, J., March 25, 1938.—This case is ruled by the decision in McDonald et al. v. Dunbar et al., 20 W. N. C. 559 (1887), where the testator employed two model clauses in disposing of his estate among his numerous children; the first type embodied a gift to a named son and was referred to in the other clauses containing gifts to other sons, the phrase being "in the same manner & way & under the same incumbrance that I have left my son James his land", etc.; the second type he employed

in devising to his daughters "in the same manner." When one son died without issue, collaterals claimed inter alia an intestacy. The court held that whether a reference clause can be resorted to for the purpose of determining not only what estate the devisee shall take but also who shall take, depends upon the character of the clause and the connection in which it stands. The rules appertaining thereto are merely of interpretation and are to be resorted to in ascertaining an intent, not otherwise evident, but cannot be allowed to prevail over an evident intent. Justice Williams then poses the pertinent question which can be repeated here: "How could the evident intention of the testator be carried out if we should refuse to make use of the reference clause to determine who shall take?" He then says: "There is no other method of designation to be found in the will."

We find that the auditing judge has correctly construed the intention of the testatrix derived from an examination of the will. The conclusion reached executes the clearly-expressed plan whereby testatrix distributed her estate; (1) among her children, the primary objects of her bounty in the residuary clauses; and (2) to her grandchildren, separating the lines unmistakably in the earlier paragraphs.

This conclusion is consonant with the decisions in Tomlinson's Estate, 61 Pa. Superior Ct. 23, and in Schleich's Estate, 286 Pa. 578, where "heirs" to take "parent's" share was construed to mean children; also, with Braden v. Cannon, 24 Pa. 168, and Christy's Estate, supra, where there being a gift over should A die without "heirs", then to persons who are his collateral heirs, "heirs" means "heirs of the body". In Linn et al. v. Bowman, 77 Pa. Superior Ct. 261, the court held that "heirs" and "children" can be used interchangeably to carry out the clearly-expressed intention of the testatrix.

The exceptions are dismissed and the adjudication is confirmed absolutely.