Opinion by
 

 Stadtfeld, J.,
 

 This ,was an, action in assumpsit instituted by appellant against the appellee on July 13, 1940, to recover the value of nursing and personal or domestic services alleged to have been rendered Annie J. Maloney, deceased, who died September 14, 1939. The case was tried in the Court of Common Pleas of Venango County before a judge and jury. The jury on October 25, 1940, awarded plaintiff the sum of $675. The defendant, having submitted a request for binding instructions which the learned trial court declined, filed a motion for judgment n. o. v. On April 4,1941, an order was entered in an opinion by Waite, P. J., specially presiding, granting defendant’s motion for judgment n. o. v. This appeal was entered June 25, 1941.
 

 The sole question involved in this appeal is whether the court below erred in entering judgment non obstante veredicto in favor of defendant.
 

 The claim is for wages for personal services alleged to have been performed for the decedent from July 15, 1934 to July 1, 1937. The appellant not only failed to assert the present claim before decedent’s death; she in fact failed to do so until 2 years and 2 months after her death, by summons issued July 13, 1940, and not until after the death of both George Maloney and Allana B. Kirkland, brother and sister of decedent, who would have been available as witnesses on behalf of the defendant in this proceeding.
 

 We call attention to the fact that during the period covered by the claim the decedent was not only within the jurisdiction and subject to process, but was in fact under the same roof with the claimant, and continued in the same jurisdiction until the time of her death; likewise to the fact that each month the claimant received the proceeds of not one, but two, checks issued punctually by the decedent in settlement of accounts
 
 *406
 
 with claimant; and to the fact that decedent had at all times a balance in excess of $5,000 in the same account upon which she was issuing the checks, and regularly during said periods made deposits in said account.
 

 The only evidence upon which claimant relies to sustain a recovery is oral testimony of certain alleged declarations of the decedent which at most merely express gratitute for kindness and a desire that claimant be compensated after decedent’s death.
 

 It has been consistently held that in an action to recover wages alleged to be due for domestic service and nursing, the question whether the evidence submitted by the claimant is sufficient to rebut the presumption of payment is primarily for the court:
 
 Flaccus v. Wood,
 
 Exrx., 260 Pa. 161, 103 A. 549;
 
 Gilbraith’s Estate,
 
 270 Pa. 288, 113 A. 361;
 
 Brown v. McCurdy, Admr., et al.,
 
 278 Pa. 19, 122 A. 169.
 

 In determining whether the appellant discharged the burden of proof, the record is to be reviewed with the greatest suspicion, and all doubts as to the sufficiency of the evidence are to be resolved in favor of the appellee. In
 
 Conrad’s Estate,
 
 333 Pa. 561, 3 A. 2d 697, the Supreme Court, in reversing the auditing Judge and disallowing the claim, states in an opinion by Mr. Chief Justice Kephart at pp. 567 and 568: “This court has frequently stated that where a claim which could have been made against a decedent during his life time is not presented until after his death, it is viewed with the greatest suspicion.”
 

 In
 
 Gilbraith’s Estate,
 
 supra, Mr. Justice Simpson states at page 291: “We said in
 
 Carpenter v. Hays,
 
 153 Pa. 432, 434, and have since frequently repeated, ‘without variableness or shadow of turning’ therefrom, that ‘Claims' against a dead man’s estate, which might have been made against himself, while living, are always subjects of just suspicion, and our books, from
 
 Graham v. Graham,
 
 34 Pa. 475, to
 
 Miller’s Est.,
 
 136 Pa. 239 (249), are full of expressions by this court of the
 
 *407
 
 necessity of strict requirement of proof and the firm control of juries in such cases’ ”. In addition to these cases, we may refer to
 
 Kepperling’s
 
 Estate,,129 Pa. Superior Ct. 560, 196 A. 551;
 
 Mooney’s Estate,
 
 328 Pa. 273, 194 A. 893;
 
 Reynolds, Executrix, v. Williams, Executor,
 
 282 Pa. 148, 127 A. 473.
 

 The appellant, to discharge the burden of proof, was required to overcome the strong presumptions opposed to her claim. In
 
 Gilbraith’s Estate,
 
 supra, at page 290, it is stated: “______ the presumption is that the services were paid for periodically. It is claimed on her behalf that heretofore this presumption has been limited to cases of domestic service. If this was so, we ivould now unhesitatingly extend it to claims for boarding and nursing also......”
 

 In
 
 Carpenter v. Hays,
 
 153 Pa. 432, 25 A. 1127, the Supreme Court, in an opinion by Mr. Justice Mitchell, states at page 435: “The presumption grows stronger as each period of payment goes by. ( In the nature of things it is less potent against a claim for two or three months’ wages, than for two or three years’; and again its strength is increased or diminished by other, circumstances that in the usual experience of life make payment more probable or explain the delay. And the evidence to sustain the claim must vary in the same ratio. As said by our late Brother Clark in
 
 Gregory v. Com.,
 
 121 Pa. 611, ‘the presumption will gather strength with each succeeding year, and the evidence to overthrow it must, of course, be correspondingly increased.’ ”
 

 The presumption in the instant case is particularly strong when we consider the “period of payment.” The first indebtedness under the claim pleaded was payable July 23, 1934. Each week thereafter another “period of payment goes by,” and also a new indebtedness would have accrued. The presumption, under the claim as pleaded, is to be considered as having begun July 23, 1934, the date upon which payment was due for the first week’s services. For 309 periods of payment, that is,
 
 *408
 
 for 5 years, 11 months and 13 days to July 13, 1940, the date suit was entered, it grew stronger and increased in potency.
 

 In
 
 Kepperling’s Estate,
 
 supra, the claim was for nursing services by a keeper of a boarding house where the decedent had resided and the decedent had made weekly payments by check to the claimant for his room and board. This court, in an opinion by Judge James, states at page 563: “Such periodic payments must be regarded as having been made in full payment of all services, especially when it appears that decedent had available funds with which to pay for such services.” To same effect, see
 
 Gross’s Estate,
 
 284 Pa. 73, 75, 130 A. 304;
 
 Sehleich’s Estate,
 
 286 Pa. 578, 582, 134 A. 442.
 

 It should be noted that no explanation was given for the delay in asserting this claim for almost 6 years from the time the presumption started to operate, for three years after the alleged services were terminated, and for two years and two months after the death of the decedent.
 

 In
 
 Gilbrdith’s Estate,
 
 supra, the Supreme Court comments on the possession of ample funds to pay and at page 292 states: “So far as appears, no claim for payment was ever made, either during the time the services were being rendered, at the time decedent moved away, or during the year and a half after the relationship ceased ...... It is certainly a most important circumstance that nothing was said when decedent left claimant’s home, for it is a matter of universal experience that then, of all times, demand is made if money is due, and any unpaid balance is referred to, often quite acrimoniously. While she was living with claimant decedent had a bank account more than sufficient to pay for her board and nursing, and she drew money out each year she was there......”
 

 The evidence is likewise undisputed that during the period from January 3, 1930 to July 15, 1934, a period of approximately four and one-half years immediately
 
 *409
 
 before the period covered by the claim, the decedent was residing in the same apartment and punctually issued two checks to the claimant each month in settlement of accounts. This is evidence of a course of dealing between the parties over a long period of time. There is a presumption that the course of dealing thus established continued to exist and decedent each month settled all accounts in full with the claimant, including the indebtedness claimed in this proceeding.
 

 This presumption is noted by Mr. Justice Paxson in
 
 McConnell’s Appeal,
 
 97 Pa. 31, where the claim involved was for nursing services, and he states at page 35: “The payment for the first year created a course of dealing which it is only fair to presume continued thereafter.”
 

 In
 
 Conrad’s Estate,
 
 supra, the Supreme Court states at page 568: “Normally, creditors and obligees are prompt to assert their claims and press them during the life time of the debtor. It is only natural that the courts should lend their assistance to the representatives of a decedent to compel claimants who fail to do so to establish their claims beyond reasonable doubt.”
 

 Quoting from the able opinion of the court below:
 

 “As we review the testimony in this case on behalf of the plaintiff it appears to be rather vague and uncertain both as to the nature of decedent’s promises as to how and when the services were to be paid for, and whether during her lifetime or in the form of a bequest. If the claimant’s reliance was upon a bequest no claim can now be established because of claimant’s disappointment in this respect. The testimony is also vague and uncertain as to the value of such services as were rendered by the claimant. Another strong circumstance against the claimant is that during the months and years that elapsed both during decedent’s lifetime and after her death, no demand was made for the payment of this claim until this suit was started, nearly six years after the beginning of the period claimed for and nearly a year after the decedent’s death.”
 

 
 *410
 
 We are in entire accord with the views expressed and believe that they fully justify the entering of judgment non obstante veredicto in favor of defendant.
 

 Judgment affirmed.