Reed Estate.

Argued April 22, 1943. Before KELLER, P. J., BALD-
RIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and
RENO, JJ.

*Fred B. Trescher,* of *Kunkle, Trescher & Snyder,* for
appellant.

*Carroll Caruthers,* with him *Clarence L. Hugus* and
*Thomas G. Taylor,* for appellee.

OPINION BY RHODES, J., July 16, 1943:

Appellant presented a claim against her father's
estate for practical nursing and board for both her
father and mother. In her probated claim she asserted
that her father promised to pay her the amount set
forth in the statement, to wit, $1400.41, and that no
part of the debt had been paid. The court refused to
allow any part of the claim for the reason that the
testimony offered did not measure up to the legal re-
quirements relating to the establishment of such a
claim.

Joseph Reed, father of appellant, died testate on
January 20, 1941, and by his will created a life estate
in his property for his widow. There were two legacies

of $5 each, one being to appellant. The residuary estate was given to testator's two granddaughters, daughters of appellant. Appellant's claim was presented to the executor on January 19, 1942, after the first and final account had been filed and decree of distribution made. Appellant's father lived about seven months after the alleged services had been rendered, and a claim could have been presented to him in his lifetime. Under the circumstances the present claim is subject to most careful scrutiny. *Gilbraith's Estate,* 270 Pa. 288, 291, 113 A. 361; *Rae's Estate,* 345 Pa. 48, 49, 25 A. 2d 706; *Hoefner v. Franklin Trust Company, Adm'r,* 147 Pa. Superior Ct. 404, 406, 24 A. 2d 457.

Appellant's mother, on June 18, 1939, sustained an injury to her hip. She remained in her own home until October 12, 1939, when she was removed to the home of appellant where she resided until June 28, 1940. The father, on account of illness, came to appellant's home on April 1, 1940, and left about three weeks before Mrs. Reed. The father and mother had lived on their farm about a half mile from appellant, which they operated until Mrs. Reed was injured. When they left the home of appellant in June, 1940, they moved into a property which they purchased while living with her. The house occupied by appellant was the property of her father, and no rent was paid for it.

Appellant's statement includes board for both the father and mother and services to both of them as a practical nurse for the time they were with her. Charge was also made for practical nursing services for the mother for the period from June 18, 1939, to October 12, 1939, while the mother was in her own home.

In referring to the testimony offered no more can be said than that there was no proof whatsoever of any agreement or contract between the decedent and appellant that she was to be paid for her services and

board for him and his wife; and there was no testimony that she had not been compensated for her services or reimbursed for any expenses she may have incurred while ministering to her parents.

It does not appear that she was doing anything more than filial duty and common humanity required from a child. *Zimmerman v. Zimmerman,* 129 Pa. 229, 236, 18 A. 129.

It is the general rule, especially applicable to the present case, that services rendered by a child to a parent are presumably gratuitous, and no payment therefor can be demanded unless a contract to so reward has been proved by clear, distinct, and positive evidence, and mere loose declarations expressing gratitude for labor performed or indicating the wish that recompense be given are not sufficient upon which to base an adverse recovery. *Mack's Estate,* 278 Pa. 426, 428, 123 A. 462. The presumption exists whether the services were rendered by a child in her own home or in the home of the parent, and the law implies no promise on the part of the parent under either condition to pay for board and lodging and kindred services. *Reasner's Estate,* 116 Pa. Superior Ct. 238, 240, 176 A. 542; *Lynn v. Lynn,* 29 Pa. 369; *Miller's Appeal,* 100 Pa. 568, 571, 572; *Mack's Estate,* supra.

Some of appellant's witnesses were apparently called for the purpose of establishing the existence of an agreement to the effect that the father would provide for appellant in his will. Appellant's claim as presented was not based on such an agreement with her father, and it was not amended. Where a decedent has failed to reimburse one in his will as promised for services rendered in reliance on such promise, a claim may be brought for the reasonable value of the services. *Schoenbachler's Estate,* 310 Pa. 396, 397, 165 A. 505; *Bemis et ux. v. Van Pelt, Ex'r, et al.,* 139 Pa. Superior Ct. 282, 288, 11 A. 2d 499. In any event, the testimony

does not show that appellant rendered any services with the understanding that she would be compensated by a legacy or his entire estate at her father's death. At most, decedent's declarations were expressions of gratitude for what had been done and of intentions to care for or compensate appellant eventually for taking care of her mother, and from them the existence of a requisite contract could not possibly be implied. *Ulrich et al. v. Arnold,* 120 Pa. 170, 181, 13 A. 831; *Zimmerman v. Zimmerman,* supra, p. 237; *Swieczkowski v. Sypniewski, Ex'r,* 294 Pa. 323, 330, 144 A. 141; *Dunn v. Dunn,* 118 Pa. Superior Ct. 533, 540, 179 A. 795.

It is not necessary to consider other objections made to appellant's claim, as sufficient reason for disallowance clearly appears from what has been said.

The order and decree of the court below are affirmed, at the cost of appellant.