## Hermes Estate.

Argued May 23, 1956. Before STERN, C. J., JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*H. Eugene Heine*, with him *Mark C. McQuillen*, for appellant.

*Aaron A. Brumbach*, with him *Snyder, Balmer & Kershner*, for appellee.

OPINION BY MR. JUSTICE ARNOLD, June 25, 1956:

Rev. Peter Hermes died November 25, 1952, and by his last will and testament left his entire estate to Rev. Henry E. Koenes and named him executor. Koenes later died and this account was filed by his executrix.

At the audit of the account filed by Koenes' executor, Maria Hartmann, a niece of Rev. Peter Hermes, presented a claim for housekeeping services rendered the decedent in the sum of $3,287.73. The lower court made an award to her on her claim, and this appeal by parties interested in the estate followed.

This claim was based upon the theory that Rev. Peter Hermes arranged with his niece, Maria, to leave Germany, where she lived, and come to the United States. He promised to leave her all his estate if she would keep house for him during his life. She arrived in Brooklyn on January 19, 1930, and was met by her uncle and went with him to his rectory at Slatington. She there resided from January 19, 1930, until November, 1937, when she left and moved to Philadelphia, where she obtained other employment and later married. The Rev. Peter Hermes lived until November 25, 1952, and as aforesaid, his last will gave nothing to the claimant.

The present claim is for approximately 404.5 weeks at $10.00 per week, based on a quantum meruit as to her damages, against which she allowed credits aggregating $757.27, leaving the net amount of her claim $3,287.73 with interest, producing a total claim of $3,501.34.[1]

The above facts are in the nature of an assumption as to their correctness. But we are confident that the order of the court below must be reversed despite the above assumed facts.

---

[1] Where a claimant was induced to enter decedent's service and act as his housekeeper, and there continued until the time of his death, with the promise that he would compensate her in his will, but decedent failed to make a will as promised, claimant may recover the reasonable value of her services: *Schoenbachler's Estate*, 310 Pa. 396, 397, 398, 165 A. 505; *Lach v. Fleth, Admr.*, 361 Pa. 340, 350, 351, 64 A. 2d 821.

424

When Maria Hartmann left the rectory and Rev. Peter Hermes in November, 1937, the evidence is silent as to why she left except for the following: (1) He expressed dissatisfaction with the claimant's cooking; and (2) he declared that he wished she would leave. Therefore there is no evidence to show that her leaving was not consensual, and there was nothing in her contract of employment by which Rev. Peter Hermes was to refrain from criticising her cooking or from expressing the wish that she leave. Nor is there any evidence to show that Maria Hartmann did not bring about the conditions which caused him to criticise her, and to express the wish that she would leave. She was not entitled to take his estate under his promise unless she fulfilled her obligation, which lasted until his death.

The order of the court below allowing the claim of Maria Hartmann is reversed, with instructions to proceed to distribution in accordance with this opinion. Costs to be paid by the estate.